227 F.2d 651
 In the Matter of FEDERAL FACILITIES REALTY TRUST, etc., Debtor, and
National Realty Trust, etc., Debtor.
Paul E. DARROW, etc., Appellant,
v.
Jacob KULP and Myrtle Johnson, etc., Appellees.
 No. 11273.
 No. 12274.
 United States Court of Appeals Seventh Circuit.
 June 14, 1955.
 
 Urban A. Lavery, Francis Heisler, Chicago, Ill., for appellant.
 Walter P. Murphy, Walter Wm. Pearson, Livingston E. Osborne, Stanley A. Kaplan, Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 This matter is before us on Darrow's petition for contempt citations and for other relief. Since the facts involved in the controversy are fully related in our prior opinion in the two appeals 7 Cir., 220 F.2d 495, a brief summary only is necessary.
 
 
 2
 Darrow appealed from an order of the District Court, sitting in bankruptcy in the reorganization of Federal Facilities Realty Trust and National Realty Trust, denying him the right to file a petition in the bankruptcy cause to have the court subject a part of the sum of money theretofore ordered paid to Kulp and Johnson to his claim of some $43,000 paid and expenses incurred in satisfying certain surcharge demands resulting from the unfaithfulness of Kulp and Johnson, employees of Darrow at the time he was acting as trustee for the two debtor estates. This is cause No. 11273.
 
 
 3
 After the appeal had been perfected, a supersedeas was allowed by Judge Perry on July 15, 1954, and the bond tendered duly approved. Thereafter, on July 23, 1954, on the motion of Kulp and Johnson, Judge Campbell entered an order vacating the stay order previously entered by Judge Perry. On July 29, Darrow filed a petition in this court for leave to file a petition for a writ of mandamus to compel Judge Campbell to vacate the order of July 23, for a stay and for other relief. On August 3 the petition was denied. Darrow then prosecuted an appeal from Judge Campbell's order vacating the stay order. (Cause No. 11274).
 
 
 4
 We reversed both decisions. In No. 11273 we held that Darrow was entitled to be heard on his petition seeking to reach a part of the fund which was in the custody and control of the court and earmarked for distribution to Kulp and Johnson. In No. 11274 we held that he was entitled to a stay to preserve the status quo pending his appeal. We remanded the cause to the District Court with directions to consider Darrow's petition and to grant a stay.
 
 
 5
 In the present petition, Darrow shows that, while these appeals were pending, the fund was distributed, on August 23, 1954, by the co-trustees of the reorganized debtors to Kulp, Edythe Johnson as Administratrix of Myrtle Johnson's Estate and Walter P. Murphy, the attorney for Kulp. He suggests that this dissipation of the fund in the custody of the court while the appeals were pending is an act in contempt of the authority of this court. He prays that Kulp, Johnson and Murphy be compelled to restore to the District Court the amount of money which each of them has received from the said fund and that, in default of such repayment Murphy, Schwartz and Whiston, and the sureties on the bonds of Schwartz and Whiston as cotrustees of the debtor estates, be required to pay any judgment which ultimately may be entered in Darrow's favor against Kulp and Johnson. He also seeks to recover costs, expenses and attorneys' fees incurred in the prosecution of this petition, and such other and further relief as the court may deem just.
 
 
 6
 Although not clearly spelled out in the pleadings and accompanying suggestions, the petition is based on the theory that the order vacating the prior order granting a supersedeas was void from the outset because exclusive jurisdiction over the cause had vested in this court; that the order allowing a stay remained in full force and effect throughout the pendency of the appeals and that, therefore, the removal of the funds from the custody of the court below while the appeals were pending was an act in derogation of this court's authority and contemptuous.
 
 
 7
 And, with one exception to be discussed subsequently, the objections of the several respondents are premised on an assumption that the District Court retained jurisdiction over the supersedeas to vacate or modify its prior order, i. e., each of the several contemnors asserts his good-faith reliance on Judge Campbell's order of July 23 and on our order denying petitioner leave to file his petition for a writ of mandamus.
 
 
 8
 These pleadings point up the crucial issue which is presented for disposition. It is well settled that filing a notice of appeal from a district court's judgment vests jurisdiction over the cause appealed in the court of appeals. Thereafter, the trial court has no power to modify its judgment or take other action affecting the cause without permission of the appellate tribunal, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules of Civil Procedure, 28 U.S. C.A., to act in aid of the appeal. Miller v. United States, 7 Cir., 114 F.2d 267, certiorari denied 313 U.S. 591, 61 S.Ct. 1114, 85 L.Ed. 1545; Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902; Jordan v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 642, certiorari denied 328 U.S. 852, 66 S. Ct. 1339, 90 L.Ed. 1624; J. J. Theatres, Inc., v. Twentieth Century-Fox Film Corp., D.C., 112 F.Supp. 674, reversed on other grounds, 2 Cir., 212 F.2d 840; Republic of China v. Pang-Tsu Mow, D.C., 12 F.R.D. 359; Daniels v. Goldberg, D.C., 8 F.R.D. 580, affirmed 2 Cir., 173 F.2d 911.
 
 
 9
 Rule 62(d) reserves power in the district courts to grant a supersedeas on a proper application, but the question of the scope of that power, — whether it extends only to a ruling on the application of the stay or whether it is a continuing power to revoke a stay previously granted, — has never before been considered. But numerous cases decided prior to the adoption of the Federal Rules are of valuable assistance in placing the question in its proper perspective.
 
 
 10
 Supersedeas practice in the federal court system is a creature of statutory origin. From the inception of the federal judiciary, a judgment could be executed while an appeal therefrom was pending unless timely application was made by the appellant to the trial court or to a judge or justice of the appellate tribunal for a stay. The stay became effective when a bond or other sufficient security was approved by the court to secure faithful prosecution of the appeal and payment of the judgment if the appeal proved unsuccessful. For a discussion of the historic basis for the procedure see Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888.
 
 
 11
 It has long been established that an order granting a supersedeas may be vacated or modified on an application and sufficient showing to the proper court. Florida Central Railroad Co. v. Schutte, 100 U.S. 644, 25 L.Ed. 605; Patterson v. Hoa's Executrix, 131 U.S. Append. lxxxviii, 18 L.Ed. 884; Knox County v. United States, ex rel. Harshman, 131 U.S.Append. clxvi, 25 L.Ed. 191; Hudgins v. Kemp, 18 How. 530, 535, 15 L.Ed. 511. It is pertinent to note, however, one distinction between each of these cases and the question presented for our determination. Each case was an appeal to the Supreme Court; a stay of the judgment in each was ordered by a Supreme Court justice, and the application in each case to modify or vacate the order was addressed to that Court.
 
 
 12
 The Supreme Court held, under the supersedeas statute then in force, that a trial court did not have jurisdiction to modify or vacate a previously approved supersedeas after jurisdiction of the cause had been transferred to an appellate court. In Draper v. Davis, 102 U.S. 370, 26 L.Ed. 121, a final decree was entered on April 30, 1878. The trial court entered an order allowing an appeal to the Supreme Court and approved a bond in the penal sum of $1,000 conditioned according to law for a supersedeas. Thereafter, on his conclusion that the bond was insufficient, the same justice who approved the $1,000 bond ordered appellant to file an additional bond in the penal sum of $3,000. Appellant then applied to the Supreme Court for a writ of supersedeas to stay execution of the decree pending the appeal. The motion was denied, without prejudice to its renewal should the need arise, the court holding that the purported modification of the supersedeas was void for want of jurisdiction in the trial court to enter the order. The Court said, 102 U.S. at page 371, 26 L.Ed. 121: "When the original bond of $1,000 was accepted by the justice and the citation signed, an appeal was allowed and security taken, which operated as a supersedeas. That transferred the jurisdiction of the suit appealed to this court. * * * The power of the justice over the appeal and the security, in the absence of fraud, was exhausted when he took the security and signed the citation. From that time the control of the supersedeas as well as the appeal was transferred to this court, and even here, * * * the action of the justice or judge in accepting the security * * * was final, so far as it depended on facts existing at the time the security was accepted. It follows that the supersedeas, which resulted from the taking of the security * * *, is still in force and has never been vacated. Consequently the court below is without power * * * to proceed with the execution of the decree appealed from, and we will presume that upon an intimation of that kind from us it will not attempt to do so."
 
 
 13
 To the same effect is Keyser v. Farr, 105 U.S. 265, 26 L.Ed. 1025, in which the trial court entered an order which had the effect of requiring additional security for a supersedeas previously granted in an appeal which had already been docketed in the Supreme Court.
 
 
 14
 These authorities are not controlling, of course, as to the application of the present rules to a supersedeas, but they are persuasive that the result must be the same unless the language of the applicable rules clearly imports a broader reservation of authority in the district courts. Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay [of proceedings to execute the judgment] subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court." Rule 73(d) prescribes the procedure for obtaining a supersedeas. The first sentence defines the court's discretion as follows: "Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires." The other provisions of the subsection are devoted to definition of the conditions which such a bond must contain.
 
 
 15
 Thus, on a timely application for a supersedeas, the function of the court is limited to a determination whether the conditions of the bond conform to the requirements of Rule 73(d) and whether the sureties thereon are adequate, — it may approve or disapprove the bond. But if it approves, the stay follows automatically under the last sentence of Rule 62(d), and the court has no discretion in the matter.
 
 
 16
 But may the court, nevertheless, later decide that its approval of the bond was erroneous and revoke the stay? We think not. The quoted language from the Draper case, supra, indicates that under the statute in force when that case was decided the approval of the bond was a final act which not even the appellate tribunal might disturb, absent fraud in the procurement or changed circumstances after the approval was granted. This, we think, is a salutary rule. When the supersedeas becomes effective, the appellant obtains thereby a valuable right to have the status quo preserved until his appeal is heard and decided. Indeed, this right may be more valuable to him than the right of appeal, since we can conceive of a situation in which execution of the judgment while an appeal is pending might render the appeal moot. The provisions of the cited rules seem clearly to contemplate that the trial court's reserved power is exhausted when the court approves a supersedeas bond and the stay becomes effective. A different interpretation would have the effect of leaving a litigant's rights in a supersedeas ever subject to the jurisdiction of the trial judge until the appeal is finally decided.
 
 
 17
 We conclude, therefore, that the District Court had no jurisdiction to vacate the stay order previously entered or to take any action, for, on perfection of the appeal and entry of the order for supersedeas, jurisdiction over the supersedeas as well as of the judgment was transferred to this court. See Draper v. Davis, 102 U.S. 370, 371, 26 L.Ed. 121. It follows that the order purporting to vacate the stay in a cause already on appeal was void ab initio, and that the stay continued in effect. Consequently, actions taken by the contemnors in reliance on the void order were in defiance of the supersedeas and of this court's authority.
 
 
 18
 The problem before us is further complicated by this court's denial of the petition for leave to file a petition for a writ of mandamus and for other appropriate relief. Whether that order was entered because of an erroneous understanding of the facts or mistaken legal reasons or not, it cannot affect the conclusion we have reached. That petition pointed out that the court below had exceeded its jurisdiction in entering an order affecting the subject matter of an appealed cause over which this court had exclusive jurisdiction. Since jurisdiction can never be created by estoppel, we need not speculate as to whether the jurisdictional issue was not then perceived by the judge who denied leave to file the petition or whether his order implied a ruling that Judge Campbell properly exercised a continuing jurisdiction. Whatever the order, we are bound to notice matters affecting our jurisdiction and that of the district courts.
 
 
 19
 The distribution of the fund was an act in derogation of this court's authority. Darrow is entitled, on this petition, to a judgment adjudging all parties who participated in that act guilty of civil contempt and to have the fund restored to the custody of the bankruptcy court. Kulp, Johnson and Murphy, as distributees, are primarily obligated to restore the status quo. Inasmuch, however, as jurisdiction of the bankruptcy court to consider Darrow's claim depends on the existence of the fund in its custody, full restoration only will work complete justice in this cause, and the trustees, as participants in the wrongful distribution, are secondarily liable in that regard, upon failure of the distributees to completely restore the fund.
 
 
 20
 We note briefly Kulp's tender to deposit certain securities with a reasonable valuation in excess of $119,000 to secure the payment of any judgment which may be assessed against him in Darrow's favor. This tender does not cure the wrong. First, Darrow is entitled to insist that the status quo be restored. Second, and more important, even if we assume that Kulp and Johnson will be both jointly and severally liable on any subsequent judgment in Darrow's favor, still the jurisdiction of the bankruptcy court to consider his claim depends on the existence of the fund in its custody. Thus the tender might well be an empty offer to secure payment of a judgment which the court would have no jurisdiction to grant.
 
 
 21
 Murphy asserts an attorney's lien superior to Darrow's claim. This, on its face, is a question of the priority of competing liens which cannot arise until Darrow's claim is considered on its merits.
 
 
 22
 Respondents Kulp, Johnson and Murphy are adjudged in civil contempt of this court. Each of them shall, within 30 days, restore to the bankrupt estates all moneys received therefrom subsequent to the filing of the notice of appeal and subsequent to the entry of the district court on July 15, 1954 approving the supersedeas bond of Darrow. Respondents Schwartz and Whiston are likewise adjudged guilty of civil contempt of this court. They, as cotrustees of the debtor estates, shall, in default of restoration of the said funds within the time prescribed by Kulp, Johnson and Murphy, make complete restoration. Upon proof of compliance by respondents with this order they may file applications to have the contempts purged.
 
 
 23
 In view of the fact that the sureties on the trustees' bonds are not parties, we cannot award relief as against them, in this, a civil contempt proceeding. Nye v. United States, 313 U.S. 33, 43, 61 S.Ct. 810, 85 L.Ed. 1172.
 
 
 24
 Inasmuch as the facts related are undisputed, and only questions of law are presented, any further hearing would be of no aid to any of the parties and is, therefore, not required.
 
 
 25
 Darrow's prayer that this court, "after the termination of the hearing upon this present petition", ascertain and allow him his reasonable costs and attorney's fee incurred in prosecuting this petition, we think, is not yet ripe for disposition. Action with reference thereto is reserved until the further order of the court.