**Julia A. NICODEMUS et al., Plaintiffs,**

v.

**CHRYSLER CORP.—TOLEDO MACHINING PLANT, Defendant.**

Civ. No. C 73–273.

United States District Court,
N. D. Ohio, W. D.

Oct. 27, 1977.

Robert J. Affeldt, Sylvania, Ohio, for plaintiffs.

Thomas L. Dalrymple, Ray A. Farris, Kathleen L. Maher, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, Catherine M. Thompson, Chrysler Corp., Detroit, Mich., for defendant.

MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

On February 2, 1976, this action came to trial on the issue of liability. Plaintiffs' claims were brought on behalf of a class of plaintiffs consisting of:

All women employed by Chrysler Corporation—Toledo Machining Plant in Perrysburg, Ohio, who have been discriminated against on the basis of sex with regards to hiring, promotion, seniority, transferring, and medical benefits. [The facility opening in the Fall of 1966].

On April 5, 1976, this Court filed its findings of fact and conclusions of law. Defendant was found to have discriminated on the basis of sex in hiring, intra-departmental promotions, inter-departmental transfers, and medical benefits (the pregnancy leave discrimination claim, however, was held in abeyance).

Since that time the parties have engaged in extensive discovery in preparation for the remedial stage of the proceedings. In view of the individualized determinations necessary for the adjudication of the relief to be afforded class members, *see International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975), vacated and remanded for reconsideration in light of the Teamster's decision, 431 U.S. 951, 97 S.Ct. 2668, 2669, 53 L.Ed.2d 267 (1977), it is clear that there will be substantial further delay before the final adjudication of remedial issues in the action. The case has been pending in excess of four years.

Plaintiffs have filed a motion requesting an interim award of attorney's fees based both upon the prior finding of liability in

the cause and the protracted nature of the litigation. Defendant opposes the motion. The relevant statutory provision for awards of attorney's fees in Title VII actions in 42 U.S.C. § 2000e–5(k), which provides in pertinent part:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs . . . .

It is the contention of the defendant that the statutory provision does not provide for an interim award of attorney's fees.

The statute limits attorney's fees awards to the "prevailing party." In the decision of *Grubbs v. Butz,* 179 U.S.App.D.C. 18, 548 F.2d 973 (1976), the Court of Appeals for the District of Columbia interpreted the provision as requiring a determination that discrimination has in fact occurred before an award of attorney's fees is appropriate. The court of appeals was clear in pointing out, however, that the statute does not preclude an interim award to plaintiffs once discrimination has been established. *Grubbs v. Butz, supra,* 179 U.S.App.D.C. at 21–22, 548 F.2d at 976–77. The court cited with approval the decision of *Patterson v. American Tobacco Co.,* 11 FEP Cases 586 (E.D.Va.1975) in which an interim fee award was granted upon the posting of bond by plaintiffs in an amount to insure recovery by the defendant of the award plus interest should it prevail on appeal.

In the *Patterson* case an interim award was granted although the question of back pay, as here, remained to be adjudicated. After trial, the court had found in favor of plaintiffs on the issue of discrimination and had issued an injunction against defendant. *Patterson v. American Tobacco Co.,* 11 FEP Cases 577 (E.D.Va.1975). Despite the fact that the question of injunctive relief as well as back pay remains to be adjudicated in this action, it is clear that for purposes of the statute plaintiffs are prevailing parties. The statute does not require that an award be made only upon the entering of a final order against the defendant. The Court notes that the defendant has not controverted the statements in plaintiffs' memorandum indicating that the defendant has not made good faith efforts to settle the issues of remedy.

The Court makes no determination with regard to whether an award of attorney's fees under the statute may be made with regard to other interlocutory orders absent a prior finding that discrimination has in fact occurred. However, where, as here, the plaintiffs have prevailed in the liability stage of the case and the litigation presents substantial factual questions before a determination may be made with regard to the relief to be provided in an action which has been pending for an extended period of time, an interim award of attorney's fees is clearly appropriate.

The Court will provide for an interim award upon the same condition imposed in *Patterson* ; that is, posting a bond to insure recovery of the award and interest should defendant subsequently prevail on appeal. The award will be applied against the amount of fees ultimately awarded upon conclusion of these proceedings.

Plaintiffs have filed no affidavit setting forth a basis upon which the size of an appropriate interim fee award may be calculated. The parties should attempt to arrive at a stipulated amount of an interim award in order to avoid further delay necessitated by disputes as to the total amount of the fee award due. The question of whether a greater amount may be due for the relevant period may be considered at the conclusion of the litigation. Upon the failure of the parties to agree as to the size of an interim award, they shall submit affidavits and memoranda upon which the necessary factual basis for an interim award may be established.

THEREFORE, for the reasons stated, good cause appearing, it is

ORDERED that plaintiffs' motion for an interim award of attorney's fees be, and it hereby is, sustained in part and overruled in part; and it is

FURTHER ORDERED that the parties shall advise the Court within twenty (20)

days whether they are willing to stipulate as to the amount of said award to be granted; and it is

FURTHER ORDERED that should the parties be unable to agree as to the amount of said award, plaintiffs shall submit their demand with appropriate affidavits and memoranda supporting it within fifteen (15) days thereafter, with the defendant being granted an additional fifteen days in which to respond.

IT IS SO ORDERED.