·Patricia BETTS and Donald Musumeci, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Helen COLTES, in her capacity as Clerk of the District Court, State of Hawaii, Individually and on behalf of all persons similarly situated, Defendants.

RELIABLE COLLECTION AGENCY, LTD., a Hawaii Corporation, Individually and on behalf of all persons similarly situated, Defendant and Third-Party Plaintiff,

v.

Y. HIGA ENTERPRISES, LTD., a Hawaii Corporation, Third-Party Defendant.

No. 76–0123.

United States District Court, D. Hawaii.

Feb. 23, 1978.

Paul Alston, Paul, Johnson & Alston, Stanley E. Levin, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

James P. Dandar, Deputy Atty. Gen., Ronald Y. Amemiya, Atty. Gen., Honolulu, Hawaii, for defendants.

## DECISION ON MOTION TO RELEASE FUNDS

SAMUEL P. KING, Chief Judge.

Plaintiff Betts brought this action for damages, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 (1974) to redress wrongs suffered as a result of actions taken under color of state law in accordance with state garnishment procedures which were alleged to be constitutionally defective. Betts prevailed on her claims against defendant Coltes, the named representative of a class of state court clerks whose duty it was to issue garnishee summonses as authorized by the challenged statute. This Court entered summary judgment in Betts' favor on June 9, 1977.

Thereafter, on two occasions,[1] Betts moved for attorney's fees. Finding that

---

1. Betts first moved for attorney's fees which had accrued up to the time of the granting of summary judgment. She thereafter filed a motion for a supplementary fee award for fees

the award of fees was authorized by statute and justified in this case, this Court awarded Betts attorney's fees totalling $8,077.50. Coltes filed a timely appeal of the award orders and the payment of the fee award was stayed pending appeal when Coltes filed a cash bond as security.

Betts has now moved for release of these funds to her counsel, who has offered to file a signature bond secured by a corporate surety to ensure repayment if the fee award is reversed on appeal.

## I. JURISDICTION

By moving to release the funds deposited by Coltes, Betts has asked this Court to modify its order staying the payment of attorney's fees until the disposition of the appeal. The first question to be decided is whether this Court still has jurisdiction to modify the stay order, since the appeal has been perfected by the filing of a timely notice of appeal.[2]

The issuance of orders staying the execution of judgment while an appeal is pending is governed by Rule 62 of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure. Rule 62(d) regulates the issuance of stay orders by the district court, and provides:

> (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.[3] The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. Fed.R.Civ.P. 62(d) (footnote added).

Rule 62(g) states that the provisions of Rule 62 do not limit any power of an appellate court or of a judge or justice thereof "to stay proceedings during the pendency of an appeal . . . or to make any order appropriate to preserve the status quo . . . ." Fed.R.Civ.P. 62(g).

Rule 8 of the Federal Rules of Appellate Procedure regulates the procedure for seeking an order from the court of appeals staying or suspending a judgment of the district court pending an appeal. Subsection (a) of the rule provides that the court of appeals may grant such relief where it is unobtainable in the district court, emphasizing that the court of first resort is the district court:

> (a) Stay Must Ordinarily Be Sought in the First Instance in District Court; Motion for Stay in Court of Appeals. Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond . . . *must ordinarily be made in the first instance in the district court.* Fed.R.App.P. 8(a) (emphasis added); *cf.* U.S.Sup.Ct.R. 18, 27 and 51 (stay orders must first be sought in lower court).

The result of the interplay between Fed.R.Civ.P. 62(d) and Fed.R.App.P. 8(a) is that

> Civil Rule 62, not Appellate Rule 8, regulates the grant of a stay or injunction by the district court. Rule 8 directs the appellant to first seek relief in the district court in accordance with the Civil Rules; it then provides the procedure to be followed in the court of appeals *if relief is denied in the district court.* 9 Moore's Federal Practice ¶ 208.02 at 1404 (1975) (emphasis added).

incurred in implementing and enforcing the judgment.

*ally,* 6 Moore's Federal Practice ⸲ 203.11 *et seq.* (1975).

---

**2.** The well-established general rule is that the filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. *Ruby v. Secretary of United States Navy,* 365 F.2d 385 (9th Cir. 1966); *see gener-*

**3.** The exceptions enumerated in subdivision (a) of Rule 62 relate to interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent. None of those exceptions are applicable to this case.

While the language of Fed.R.Civ.P. 62(d) and Fed.R.App.P. 8(a) does not specifically address the district court's power to issue or modify a stay order after an appeal has been perfected, Rule 8's history and its Advisory Committee Notes clearly indicate that the district court retains jurisdiction to take such action.

Rule 8 goes further than its predecessor with respect to applications for stays. Former Rule 73(e) of the Federal Rules of Civil Procedure allowed the district court to control the filing of a bond on appeal up to the time the action was docketed with the appellate court. Fed.R.Civ.P. 73(e), *abrogated* Dec. 4, 1967, eff. July 1, 1968. Rule 73(e) further stated that "*[a]fter the action is so docketed,* application for leave to file a bond may be made *only* in the *appellate* court." *Id.* (emphasis added).

Rule 73 was abrogated in 1968 when the United States Supreme Court adopted the Federal Rules of Appellate Procedure. A provision similar to Rule 73 was not carried over into the Appellate Rules, and this omission is explained by the Advisory Committee Notes to Fed.R.App.P. 8(a), which state:

> The requirement of FRCP 73(e) appears to be a concession to the view that once an appeal is perfected, the district court loses all power over its judgment. *See In re Federal Facilities Realty Trust,* 227 F.2d 651 (7th Cir. 1955) and cases cited at 654–655. *No reason appears why all questions related to supersedeas or the bond for costs on appeal should not be presented in the first instance to the district court in the ordinary case.* (emphasis added).

■ Thus, while Rule 8 regulates the matter of stays pending appeal, "its most important direction is that the appellant seek such relief in the district court in accordance with the rules of the district court," 9 Moore's Federal Practice ¶ 208.04 at 1411 (1975), and this Court has jurisdiction to modify the stay order if it deems such modification warranted.

## II. MODIFICATION OF THE STAY ORDER

The award of attorney's fees was made pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 ("Act"), 42 U.S.C. § 1988 (1974), which provides: "In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The statute allows a discretionary fee award to the "prevailing party," and its legislative history recognizes that "in appropriate circumstances counsel fees may be awarded pendente lite." S.Rep. No. 1011, 94th Cong., 2nd Sess. (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News, p. 5912; H.R.Rep. No. 1558, 94th Cong., 2nd Sess. (1976). Cases involving the grant of fee awards pursuant to civil rights attorney's fees statutes containing the "prevailing party" criterion have recognized that a party may be deemed to have "prevailed" at various stages of litigation. *See Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.1976) (plaintiff who settled claim before judicial determination held to be "prevailing party" within meaning of Title VII fee provision, 42 U.S.C. § 2000e–5(k)); *Nicodemus v. Chrysler Corp.,* 445 F.Supp. 559 (N.D.Ohio 1977) (plaintiffs who prevailed on sex discrimination issue at liability stage of litigation were "prevailing parties" entitled to interim fee award); *Buckton v. National Collegiate Athletic Association,* 436 F.Supp. 1258 (D.Mass.1977) (plaintiffs who prevailed on preliminary injunction were "prevailing parties" within meaning of 42 U.S.C. § 1988); *accord, Howard v. Phelps,* 443 F.Supp. 374 (E.D.La.1978).

■ Inasmuch as the above cases stand for the proposition that for purposes of the Act parties may be deemed to be "prevailing parties" at various stages of litigation before final judgment, Betts, who has won a final judgment on the merits, *a fortiori* is a "prevailing party" to whom the discretionary fee award was properly made. Furthermore, as the *Howard* and *Nicode-*

*mus* courts recognized, there is no reason why the prevailing party should be denied immediate payment of the fee award, as long as that party has posted a bond adequate to ensure recovery of the award plus interest in the event of a reversal on appeal. *Howard v. Phelps,* 443 F.Supp. at 374; *Nicodemus v. Chrysler Corp.,* 445 F.Supp. at 560.

In the present case Betts' counsel has offered to execute a signature bond in the amount of $10,000 and to secure said bond by a corporate surety; a form for such a bond and suretyship was attached as Exhibit A to Betts' Motion to Release Funds. Although there is no dispute as to the financial responsibility of either Betts' counsel or the corporate surety, the Court has independently reviewed the proposed security arrangement and has found that Coltes will be adequately protected if recovery of the award plus interest is necessitated by an appellate reversal.

### III. CONCLUSION

For the foregoing reasons, the stay order heretofore entered shall be modified to allow Betts' counsel to receive his attorney's fees immediately. This modification shall take effect upon the filing of signature and surety bonds in the form of Exhibit A, which is attached to Betts' Motion to Release Funds. Upon such filing the Clerk shall release to Betts' counsel funds in the amount of $8,077.50.

Appropriate orders implementing this decision shall issue forthwith.