**In re SWIFT AIRE LINES, INC., Debtor.**

**David Y. FARMER, Trustee, Plaintiff-Appellee,**

v.

**CROCKER NATIONAL BANK, a national banking association, Defendant-Appellant,**

and

**Justin Colin, an individual, Intervener.**

BAP No. CC–82–1139.
Bankruptcy No. LA–81–11896–CA.
Adv. No. LA–81–4979–CA.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

May 11, 1982.

year prior to bankruptcy. However, in view of the disposition of this matter, discussion of § 329(a) is unnecessary.

No appearances.

Before HUGHES and KATZ, Bankruptcy Judges.

### MEMORANDUM.

A money judgment in the amount of $801,899 was entered on April 7, 1982 in favor of plaintiff trustee in bankruptcy and against Crocker Bank. The judgment debtor appealed and moved for a stay of execution pending appeal without posting a bond or, in the alternative, for approval of a supersedeas bond. As requested by the judgment creditor, the trial court granted appellant's request only on condition that it deposit the amount of the judgment in a certificate of deposit.

We hold that the court abused its discretion in declining to approve a supersedeas bond. Accordingly, we grant a stay pending appeal until the trial court has passed on the sufficiency of appellant's supersedeas bond.

I

The Bankruptcy Appellate Panels of this circuit noted the nature of a supersedeas stay and the standards for approval of a supersedeas bond in *In re Wymer*, 5 B.R. 802, 2 C.B.C.2d 931, 6 B.C.D. 855, C.C.H. ¶ 67,567 (9th Cir. BAP 1980). As provided by Rule 62(d) F.R.C.P., the supersedeas stay

is effective upon being approved by the court and there is no need for a separate order. It typically operates only as to a money judgment from which a writ of execution issues. Standards for determining sufficiency of the bond may be supplied by local rule. In the absence of local rule, the standards of former Rule 73(d) F.R.C.P. are applicable. *In re Wymer*, supra, and cases cited.

"A supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the sound discretion of court or judge." *McCourt v. Singers-Bigger*, 150 F. 102, 104 (8th Cir. 1906).

"[O]n a timely application for a supersedeas, the function of the court is limited to a determination whether the conditions of the bond conform to the requirements of Rule 73(d) and whether the sureties thereon are adequate—it may approve or disapprove the bond." *In re Federal Facilities Realty Trust*, 227 F.2d 651, 655 (7th Cir. 1955).

■ In view of the foregoing, the trial court's discretion was limited to passing on the sufficiency of the supersedeas bond and the adequacy of the sureties. Instead, it fashioned a stay conditioned on appellant placing the amount of the judgment in a certificate of deposit for the benefit of the party prevailing on the appeal. Having declined to pass on the sufficiency of the supersedeas bond, the court abused its discretion.

The trustee argues, however, that the matter-of-right, supersedeas stay is not available in appeals from money judgments in bankruptcy and that, in any event, the court is free to depart from supersedeas standards for cause.

## II

The trustee's primary argument is to the effect that stays from bankruptcy court orders and judgments pending appeal are exclusively controlled by Bankruptcy Rule 805 and that this rule eliminates stays as a matter of right. We reject this contention.

## A.

■ Bankruptcy Rule 805 contains two references to supersedeas bonds, one providing that a motion "for approval of a supersedeas bond" is made to the bankruptcy judge and the other providing that a trustee may be required to give a supersedeas bond. No other reference to the supersedeas bond is found in the Bankruptcy Rules. Rule 62(d) F.R.C.P., made applicable in bankruptcy by Bankruptcy Rule 762, provides that "the appellant by giving a supersedeas bond may obtain a stay . . ." and that the "stay is effective when the supersedeas bond is approved by the court."

Without recourse to Rule 62(d) F.R.C.P., references to the supersedeas bond in Bankruptcy Rule 805 would be meaningless. For this reason, and because of B.R. 762, we conclude that both B.R. 805 and Rule 62(d) F.R.C.P. control supersedeas stays in bankruptcy. Rule 62(d) F.R.C.P. is the modern-day source of the matter-of-right stay of execution pending appeal from money judgments. See generally, *Wymer*, supra, and *In re Federal Facilities Realty Trust*, supra. Accordingly, we conclude that Rule 805 does not exclude stays as a matter of right in bankruptcy.

## B.

Having met the trustee's primary argument, we nevertheless pause to comment on statements the trustee has found in a treatise and in three cases to the effect that, in bankruptcy appeals, "there should be no such thing as the *right* to a stay, even with bond posted." 13 Collier ¶ 805.05 (14th ed. 1977). "Apparently, stay may be granted or denied regardless of the tender of a bond or other security." 13 Collier ¶ 805.06 (14th ed. 1977).

■ Similar characterizations of Bankruptcy Rule 805 are found in some reported decisions. See, *In re Rock Industries Machinery Corp.*, 2 B.C.D. 1036, 10 C.B.C. 295 (E.D.Wis.1976); *In re American Training Services, Inc.*, 434 F.Supp. 988 (D.N.J.1977); *In re Neisner Bros. Inc.*, 10 B.R. 299 (S.D.N.Y.1981). The statements can be disregard-

ed as dicta in *Rock Industries* and *American Training Service* because these cases involved appeals, respectively, from an order confirming a sale and from an order denying injunctive relief. Stays from such orders are clearly discretionary. Rule 62(c) F.R.C.P.; *Wymer*, supra.

The order appealed in *Neisner* was in the nature of a money judgment, namely an order disbursing a dividend on a disputed claim that was on appeal, but there is no indication in the opinion that the creditor offered to post a supersedeas bond.

We believe that the foregoing statements are erroneous and are based on a misreading of Bankruptcy Rule 805, in particular its second sentence which states:

Notwithstanding Rule 762 . . ., the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest.

In relying on this sentence to the exclusion of the first sentence of B.R. 805 and its reference to supersedeas bonds, the authorities cited fail to give meaning to all of B.R. 805. Furthermore, they give the second sentence a meaning that was not intended by its draftsmen.

The Advisory Committee's note to this rule explained that this sentence "retains the discretion vested by § 39c of the Act in the referee respecting the stay or continuation of proceedings pending an appeal from his order." In this connection, the committee cited *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 370 (5th Cir. 1962) and *In re Home Discount Co.*, 147 F. 538, 554 (N.D.Ala.1906). The latter case stands for the rule that a petition for review to the district court does not itself work a supersedeas or stay pending appeal. The appellant had been found in contempt by the referee for not obeying an order to withdraw a notice of wage assignment served on the bankrupt's employer.

*Georgia Jewelers* was an appeal from two interlocutory orders issued in a contested involuntary petition in bankruptcy. The court noted that "these appeals have brought the whole bankruptcy proceedings to a dead halt" and reiterated the general propositions that appeals from interlocutory orders should be restricted and that, in any event, "the balance of the proceedings should go on unless, on application and showing, a stay is granted under § 39, sub c . . ." the court of appeals deplored the fact that "these appeals have been permitted to halt all other activity in the bankruptcy proceedings" and that over a year later there had been no adjudication.

Remarking on the similarity of this case to others where the parties or the court "mistakenly assume that in every routine appeal from a preliminary injunction the case cannot go forward for trial on the merits," the court noted that § 39c of the Act expressly authorized a stay in appropriate instances. One of the two purposes of § 39c, it said, was "that the machinery move on unless a showing is made that a special portion should remain in abeyance for a specified time and purpose."

The second sentence of B.R. 805, when read (as it must) with *Georgia Jewelers* and *Home Discount* in mind, thus means little more than that the bankruptcy judge need not suspend all proceedings in a case when there is an appeal from an interlocutory order. In the words of the Advisory Committee, this sentence retains the court's discretion in staying or continuing proceedings pending appeal.

Indeed, the second sentence of B.R. 805 reads much the same as Rule 62(c) F.R.C.P., which specifies that "the court in its discretion may suspend, modify, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

It is thus apparent that the second sentence is to B.R. 805 what subsection (c) is to Rule 62 F.R.C.P. and does not have, nor was intended to have, any effect on supersedeas stays as governed by subsection (d) of Rule 62 F.R.C.P. Certainly, nothing in the second sentence, the committee's note or the cases relied on by the draftsmen justi-

fies a conclusion that Rule 62(d) has no role in bankruptcy.

We remain convinced that B.R. 805 does not eliminate stays of right upon approval of the supersedeas bond.

### III

The trustee's fall-back argument is that even if supersedeas is applicable to money judgments in bankruptcy, the court is free to fashion a discretionary stay on a showing of cause, citing *Wymer*, supra. This argument is misplaced for two reasons.

### A.

First, the cases cited in *Wymer* as authority for departing from established standards for the matter-of-right stay are limited to requests by *appellants* who wish to depart from established standards. See, e.g., *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979); *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970); *C. Albert Sauter Co., Inc. v. Richard Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973).

None of these cases, nor *Wymer*, stand for the entirely different proposition that the court has discretion to deny a stay if the appellant tenders a sufficient and adequate supersedeas bond. Indeed, to read the rule as proposed by the trustee would deprive Rule 62(d) of its meaning and that no appellant is ever entitled to a stay as a matter of right.

### B.

Second, there must be a showing of cause for departure from the established standards. The reasons relied upon by the court in refusing a stay as a matter of right do not, in our view, constitute cause.

Those reasons, as characterized by the trustee, are based on the fact that interest on money judgments is presently 7% while the market rate of interest is considerably higher. By conditioning the stay on appellant placing the amount of the judgment in a certificate of deposit, the trustee argues, the trial court prevented "unjust enrich-ment to Crocker and unfair prejudice to the creditors of the estate . . ." The trustee's complaint then is not with the matter-of-right stay but with the amount of interest his judgment is earning on appeal. (The trustee's sense of fairness is shared by others. Effective October 1, 1982, interest on federal court judgments will no longer be tied to state law but to the average accepted price of 52-week U.S. Treasury bills. Public Law 97–164.)

The effect of the court's order was (1) to deny appellant the right to post a surety bond instead of cash, at its election, and (2) to condition the supersedeas stay on appellant paying market (rather than statutory) interest on appellee's judgment. Neither aspect of the order is justified.

■ Rule 3(b) F.R.A.P., upon which parts of B.R. 805 are based (see Advisory Committee note), as well as Rule 65.1 F.R.C.P., provide for surety bonds. The court's discretion lies in approving the sufficiency (i.e., the amount) of the bond and the adequacy of the surety. The Administrative Office of the United States Courts publishes a list of qualified sureties. The trial court therefore was not free to require a cash bond instead of a surety bond.

■ The amount of a supersedeas bond is determined by established standards, all of which have the objective of assuring appellee satisfaction of his judgment plus associated costs if appellant does not prevail on appeal. While appeal is pending, the judgment earns interest at the legal rate of 7%. In determining the sufficiency of the supersedeas bond, the court may consider, among other things, interest to be earned on appeal. Former Rule 73(d) F.R.C.P.; *Wymer*, supra. A court abuses its discretion in calculating the interest at any rate other than statutory.

### IV

In summary, we hold that the trial court abused its discretion in declining to pass upon the sufficiency of appellant's surety bond. The stay of execution pending appeal granted by the trial court is vacated

and appellant's motion for approval of its supersedeas bond is remanded for consideration by the trial court under established standards. Until the trial court has passed upon the sufficiency of the supersedeas bond we stay execution of the judgment.