**In the Matter of RIDGEMONT APARTMENT ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. A88–02855–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 15, 1988.

C. Richard McQueen, Jeffrey P. Sweetland, Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for Atlanta English Village, Ltd.

Neil C. Gordon, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, Ga., for Federal Home Loan Mortg. Corp.

Stephen C. Greenberg, Holt, Ney, Zatcoff & Wasserman, Atlanta, Ga., for debtor.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On November 15 and 16, 1988, the Court conducted hearings on the motion filed in the above-referenced case by Atlanta English Village, Ltd. ("AEV") and Federal Home Loan Mortgage Corporation ("FHLMC") for adequate protection and for the Court's direction concerning matters relating to the operation of the debtor's business. The Court took under advisement the question of whether the amount of a supersedeas bond filed by the debtor should be increased. The facts relating to this issue are as follows:

On June 22, 1988, the Court entered an Order relating to a motion filed by AEV and FHLMC for relief from the automatic stay. The June 22 Order required the debtor to make certain payments to the movants as a condition of continuing the stay in effect.

The debtor filed a timely notice of appeal of the June 22 Order and sought a stay pending appeal. On July 1, 1988, the Court entered an Order which granted the debtor's motion for a stay pending appeal conditioned upon the filing by the debtor of a bond issued by a sufficient surety in the amount of $450,000.00 to compensate the movants, as appellees, for the damages which they would incur as a result of the delay in enforcing the June 22 Order if the debtor's appeal proved to be unsuccessful. The debtor filed its supersedeas bond on July 6, 1988.

On July 8, 1988, the Court entered a Supplemental Order which specified further conditions of granting the debtor a stay pending appeal, including the payment by the debtor to FHLMC, for the benefit of AEV, the sum of $35,000.00 per month, or the excess cash collateral generated by the debtor each month after paying necessary expenses, if such amount exceeded $35,000.00. The debtor was also required to

make certain deposits for taxes and insurance. The amount of the bond was based in part upon the anticipated difference in the amount of the payments the debtor would make to the appellees during the time expected for the appeal process and the amount the appellees would have received during the same period pursuant to the June 22 Order which was stayed pending appeal.

On July 13, 1988, the debtor filed a revised supersedeas bond containing certain provisions required by the Court which detailed more specifically the items of possible damages that the bond was intended to cover if the debtor's appeal were dismissed or if the June 22 Order were affirmed.

On August 11, 1988, on the timely motion of FHLMC and AEV for additional findings of fact and conclusions of law, the Court entered an Order which amended the June 22 Order. Pursuant to Bankruptcy Rule 8002(b), the timely motion to amend rendered ineffective the debtor's previously-filed notice of appeal. *See In re Fargo Financial, Inc.,* 71 B.R. 702 (Bankr.N.D. Ga.1987). On August 18, 1988, the debtor filed its notice of appeal of the June 22 Order as amended by the Order entered on August 11.

On October 11, 1988, the Court entered an Order which required the debtor to file another revised supersedeas bond to clarify that the bond applied to the appeal of the June 22 Order as amended by the August 11 Order. The debtor filed its revised bond on October 21, 1988.

AEV and FHLMC now assert that the amount of the bond should be increased because the appellate process will take a longer time than was anticipated when the bond amount was set so that the appellees stand the possibility of suffering damages as a result of the appeal in excess of the $450,000.00 amount covered by the bond. The debtor has countered that this Court does not have jurisdiction to modify the amount of the bond because jurisdiction over the matter has been transferred to

and vested in the appellate court.[1] The Court took this question under advisement.

Issues relating to stays pending appeal are governed by Bankruptcy Rules 7062 and 8005. Bankruptcy Rule 7062 provides that Fed.R.Civ.P. 62 is applicable to adversary proceedings, and Bankruptcy Rule 9014 makes Rule 62 applicable to contested matters, such as the motion for relief from stay which resulted in the June 22 Order.

Rule 62(a) provides, with certain exceptions, for an automatic ten-day stay of the enforcement of judgments. The exceptions listed in Rule 62 include judgments in actions for injunctions. Bankruptcy Rule 7062 states that an Order granting relief from the automatic stay provided by Bankruptcy Code § 362 shall be an additional exception to Rule 62(a). If any stay of an order relating to injunctions or an order granting relief under § 362 is desired, the party seeking the stay must file a motion under Rule 62(c). Rule 62(c) provides that the Court may, *in its discretion,* grant or restore an injunction during the pendency of an appeal "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

As to judgments or orders which are not within the exceptions listed in Rule 62(a) or in Bankruptcy Rule 7062, an appellant may obtain a stay pending appeal pursuant to Rule 62(d) by giving a supersedeas bond. The stay pursuant to Rule 62(d) is effective when the bond is approved by the Court, but, other than approving the bond, the Court is not given discretion to condition relief by requiring terms other than the posting of the bond itself.

In summary, the provisions of Rule 62 and Bankruptcy Rule 7062 contemplate that an appellant may obtain a stay pending appeal as of right as to some orders by filing a bond which is approved by the Court. As to other orders, including orders relating to injunctions and orders granting relief from the stay, the Court is given discretion to grant a stay pending

1. This argument was either not raised or not addressed when the Court required earlier revisions of the supersedeas bond.

appeal upon such terms as it considers proper.[2] In either case, whether the appellant can obtain a stay merely by obtaining the Court's approval of a bond or must instead file a motion to seek a stay in the Court's discretion, the procedure for obtaining such relief is set out in Bankruptcy Rule 8005.

In relevant part, Bankruptcy Rule 8005 provides:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

Bankruptcy Rule 8005. As this Court stated at the hearing on this matter, Rule 8005, particularly in the first and third sentences of the Rule, appears to contemplate not only that a bankruptcy court shall retain jurisdiction over matters relating to a stay pending appeal but also that, absent special circumstances, it is the bankruptcy court and not the appellate court that should address the issues in the first instance. The third sentence of Rule 8005 states that *modification* of the relief granted by the bankruptcy judge may be sought by motion addressed to the district court but the motion shall show why the modification was not obtained from the bankruptcy judge.

Notwithstanding the language of Rule 8005, the debtor asserts that this Court lacks jurisdiction to modify the amount of a supersedeas bond once jurisdiction over a matter is transferred to the appellate court. The cases relied upon by the debtor for its assertion stand mostly for the proposition that a lower court has no jurisdiction to vacate or modify an order once an appeal of the order has been perfected. *See, e.g., In re Combined Metals Reduction Co.,* 557 F.2d 179, 200–01 (9th Cir.1977); *In re Excavation Construction, Inc.,* 8 B.R. 752, 760 (D.Md.1981); *In re Kendrick Equipment Corp.,* 60 B.R. 356, 358 (Bankr.W.D. Va.1986). While this Court agrees that it cannot modify an Order after jurisdiction over the appeal of the Order vests in the district court,[3] that question is not raised by the instant motion by AEV and FHLMC. The motion at bar raises the issue of modifying, not the Order already on appeal, but the bond required as a condition of the stay pending appeal.

The only case cited by the debtor which directly addresses that issue is *In re Federal Facilities Realty Trust,* 227 F.2d 651 (7th Cir.1955), which held that once a district court approves a supersedeas bond or enters a stay order, the district court is divested of jurisdiction over the matter and may not subsequently decide that its approval of the bond was erroneous and revoke the stay. The Court of Appeals concluded that "the District Court had no jur-

---

**2.** The Order on appeal in the instant matter was entered as a result of a motion for relief from the stay. Although the Order did not entirely "lift" the stay to permit the movants to immediately foreclose or otherwise exercise their state law rights, the Order did grant the motion to the extent that the stay was modified and conditioned upon the continuation of certain payments by the debtor. The Court is therefore of the opinion that the June 22 Order is of the type which is intended to be included as one of the exceptions of Rule 62(a) or Bankruptcy Rule 7062, either as an Order granting relief from the stay or as an order which, in effect, dissolved an injunction. Therefore, the Court had discretion to grant the debtor a stay pending appeal upon the terms the Court considered proper to protect the appellee's rights. A stay pending appeal of the June 22 Order was not obtainable by the debtor as of right merely by posting a bond to be approved by the Court.

**3.** However, as stated earlier, a timely motion to amend can render a previously-filed notice of appeal ineffective to vest jurisdiction over the matter in the appellate court. *In re Fargo Financial, Inc.,* 71 B.R. 702 (Bankr.N.D.Ga.1987).

isdiction to vacate the stay order previously entered or to take any action, for, on perfection of the appeal and entry of the Order for supersedeas, jurisdiction over the supersedeas as well as of the judgment was transferred to this Court." 227 F.2d at 655–56.

 The holding of *Federal Facilities* appears to have been previously incorporated into the Federal Rules of Civil Procedure. Former Rule 73(e) provided:

> If a bond on appeal or a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, and if the action is not yet docketed with the appellate court, a bond may be filed at such time before the action is so docketed as may be fixed by the district court. After the action is so docketed, application for leave to file a bond may be made only in the appellate court.

Fed.R.Civ.P. 73(e) (1966) (abrogated in 1968). The former rule's provision that the docketing of an appeal divests the lower court of jurisdiction to address matters relating to the bond or to a stay pending appeal was rejected when Rule 8(a) of the Federal Rules of Appellate Procedure was adopted. The Advisory Committee Note to Rule 8(a) states:

> The requirement of FRCP 73(e) appears to be a concession to the view that once an appeal is perfected, the district court loses all power over its judgment. See *In re Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir.1955) and cases cited at 654–655. No reason appears why all questions related to supersedeas or the bond for costs on appeal should not be presented in the first instance to the district court in the ordinary case.

Advisory Committee Note to Fed.R.App.P. 8(a). *See also* J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 208.04 (2d ed. 1988). Thus, Rule 8(a) was intended to reject the approach taken by the *Federal Facilities* case. The first and third sentences of Bankruptcy Rule 8005 are merely adaptations or restatements of Fed.R. App.P. 8(a). *See* Advisory Committee Note to Bankruptcy Rule 8005. Therefore, the *Federal Facilities* approach was likewise intended to be rejected in the bankruptcy context, and this Court has jurisdiction to modify a bond or other conditions of a stay pending appeal notwithstanding the perfection of the appeal.

 AEV and FHLMC assert that the bond should be increased mainly because the District Court is not expected to render its decision on the appeal until the early part of 1989, which is a few months longer than anticipated when the bond was set. The Court is not convinced that the bond is insufficient to indemnify the appellees for the damages they will suffer in the event that the appeal is decided against the debtor in early 1989, mainly because the deficiencies between the monthly amounts being paid by the debtor and the amounts which were to be paid pursuant to the Order on appeal are not as great as expected. However, should it appear that the appellate process will extend beyond early 1989, the Court will address this issue again.

Accordingly, it is ORDERED that the motion filed by AEV and FHLMC for adequate protection and for the Court's direction concerning matters relating to the operation of the debtor's business is DENIED to the extent that it seeks an increase in the amount of the supersedeas bond filed by the debtor.

IT IS SO ORDERED.