MOTION FOR LEAVE TO FILE SECOND APPLICATION FOR REHEARING AND APPLICATION FOR STAY OF EXECUTION
PER CURIAM.
Petitioner’s motion for leave to file a second application for rehearing, and petitioner’s request for a stay of execution are due to be, and each is hereby denied.
Even though we deny petitioner’s motion for leave to file a second application for rehearing and his application for a stay of execution, we point out that we have examined the cases of Bell v. Ohio, - U.S. -, 98 S.Ct. 2977, 57 L.Ed.2d 1010 and Lockett v. Ohio, - U.S. -, 98 S.Ct. 2954, 57 L.Ed.2d 973, which petitioner contends are applicable to his case, and we conclude that those cases do not invalidate Alabama’s sentencing scheme in death cases. Alabama’s sentencing scheme specifically provides, in part:
“ . . In the hearing, evidence may be presented as to any matter that the court deems relevant to sentence and shall include any matters relating to any of the aggravating or mitigating circumstances enumerated in sections 13-11-6 and 13-11-7. . . . ” (Emphasis supplied) [§ 13-11-3, Code, 1975.]
Section 13-11-7, Code, 1975, provides:
*673 “Mitigating circumstances shall be the following:
“(1) The defendant has no significant history of prior criminal activity;
“(2) The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance;
“(3) The victim was a participant in the defendant’s conduct or consented to the act;
“(4) The defendant was an accomplice in the capital felony committed by another person and his participation was relatively minor;
“(5) The defendant acted under extreme duress or under the substantial domination of another person;
“(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and
“(7) The age of the defendant at the time of the crime. (Acts 1975, No. 213, § 7.)”
It is readily apparent, therefore, that Alabama’s sentencing scheme broadly allows the accused to present evidence of mitigating circumstances, and does not contain the deficiencies the Supreme Court of the United States found were inherent in Ohio’s scheme.
PETITIONER’S MOTION FOR LEAVE TO FILE A SECOND APPLICATION FOR REHEARING, AND PETITIONER’S REQUEST FOR A STAY OF EXECUTION ARE DUE TO BE, AND EACH IS HEREBY DENIED.
BLOODWORTH, MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
SHORES and BEATTY, JJ., concur specially.