BRENNAN ᴇᴛ ᴀʟ. *v.* UNITED STATES POSTAL SERVICE

No. A–152.   Decided August 11, 1978[1]

Mʀ. Jᴜsᴛɪᴄᴇ Mᴀʀsʜᴀʟʟ, Circuit Justice.

Patricia H. Brennan and J. Paul Brennan have applied to me for a stay of the judgment of the Court of Appeals for the Second Circuit pending the filing and disposition by this Court of their petition for a writ of certiorari.   Applicants operate a hand delivery mail service in Rochester, N. Y.   The United States Postal Service (USPS) brought suit in the Western District of New York to enjoin operation of this service on the ground that the Private Express Statutes, 39 U. S. C. §§ 601–606 and 18 U. S. C. §§ 1693–1699, proscribe private carriage and delivery of "letters and packets."   Applicants concede that the Private Express Statutes do indeed prohibit their activities, but they challenge the prohibition principally on the basis that the Constitution does not confer upon Congress exclusive power to operate a postal system.[1]   The District Court rejected the challenge and permanently enjoined further violations.   The Court of Appeals affirmed, denied motions for rehearing and rehearing en banc, and refused to

---

[1] They contend also that the legislation violates the Tenth Amendment because it denies to the States and to the people a concurrent power reserved to them, that Congress improperly delegated to the USPS the power to define "letters and packets," and that the extension of the postal monopoly only to letter mail arbitrarily discriminates against their business.   Applicants intend to pursue these challenges in their petition for certiorari, but do not elaborate on them here.

stay its judgment pending disposition of a petition for a writ of certiorari. Applicants invoke the jurisdiction of this Court under 28 U. S. C. § 2101 (f).

The argument applicants press here is that Congress exceeded its powers by granting the USPS a monopoly over the conveyance of letter mail. Article I, § 8, cl. 7, of the Constitution provides that "Congress shall have Power . . . To establish Post Offices and post Roads." Nothing in this language or in any other provision of the Constitution, applicants submit, implies that the postal power is invested *exclusively* in the Legislative Branch. Although Congress has authority under Art. I, § 8, cl. 18, to make such laws as are "necessary and proper" for carrying out its delegated functions, applicants argue that this provision does not permit it to convert a nonexclusive power into an exclusive one.

The well-established criteria for granting a stay are "that the applicants must show 'a balance of hardships in their favor' *and* that the issue is so substantial that four Justices of this Court would likely vote to grant a writ of certiorari." *New York Times Co.* v. *Jascalevich, ante,* at 1337. I cannot conceive that four Justices would agree to review the Court of Appeals' ruling on the argument advanced here. That argument rests on the tenuous premise that the Framers intended to create categories of exclusive and nonexclusive powers so inviolable that a subsequent Congress could not determine that a Government monopoly over letter mail was "necessary and proper" to prevent private carriers from securing all of the profitable postal routes and relegating to the USPS the unprofitable ones. Applicants have presented no convincing evidence of such an intent, and such a miserly construction of congressional power transgresses principles of constitutional adjudication settled since *McCulloch* v. *Maryland,* 4 Wheat. 316 (1819). As Mr. Chief Justice Marshall stated there, "the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means

by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people." *Id.*, at 421.

Moreover, long historical practice counsels against reviewing this novel constitutional claim. The Private Express Statutes have existed in one form or another since passed by the First Congress in 1792,[2] and their constitutionality has never been successfully challenged. While such longevity does not ensure that a statute is constitutional, it is certainly probative here of whether four Justices would vote to hear the merits of applicants' case. Cf. *Myers* v. *United States*, 272 U. S. 52, 175 (1926). This Court's recent refusal to review the Tenth Circuit's decision upholding the Private Express Statutes, *United States* v. *Black*, 569 F. 2d 1111, cert. denied, 435 U. S. 944 (1978), and the absence of any conflict among the Circuits on this point also indicate that applicants have not satisfied the criteria for the granting of a stay.

Accordingly, the application is denied.

---

[2] Indeed, the 1792 Act continued in effect a statute of the Continental Congress that had created a postal monopoly. Act of Feb. 20, 1792, 1 Stat. 232, 236, adopting Act of Oct. 18, 1782, 23 J. Cont. Cong. 672–673.