415 So.2d 719 (1982)
William Melvin WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 55875.
Supreme Court of Florida.
April 1, 1982.
Rehearing Denied July 8, 1982.
Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, and Richard B. Greene, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Joy B. Shearer, Mark Horn and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
William Melvin White appeals his conviction of first-degree murder and sentence of death. We affirm.
White was a member of a Kentucky chapter of the Outlaws, a motorcycle gang, but was visiting the Orlando chapter. A group of the Outlaws, accompanied by some girl friends, visited an Orlando nightclub where they met Gracie Mae Crawford. Gracie Mae accompanied some of the Outlaws back to their Orlando clubhouse. Soon after returning to the clubhouse, White retired to a bedroom with his girl friend. Sometime thereafter White was called by Richard DiMarino who stated that Crawford liked blacks and that they had to teach her a lesson. White dressed and went into the kitchen area where he joined DiMarino and Guy Ennis Smith in severely beating Crawford. Whether DiMarino or White led the assault is unclear, but one witness testified of White's hitting Crawford with his fist and knocking her to the floor. After the beating, DiMarino and White placed Crawford in the middle of the front seat of White's girl friend's car. White started driving but along the way stopped the car and DiMarino drove the car to the end of a deserted road. (The victim, White and DiMarino had done a lot of drinking that evening, but White's girl friend testified that he knew what he was doing.) After they stopped the car, DiMarino and White *720 pulled Crawford from the car, passed her over a barbed wire fence, and laid her on the ground. White then straddled her, took out his knife, stabbed her fourteen times and slit her throat. He handed the knife to DiMarino who also cut her throat. Crawford died as a result of the wounds inflicted upon her.
While leaving the area White and DiMarino ran out of gas at the Seaworld parking lot and were later identified by Seaworld security guards who had given them gas. White and DiMarino went back and picked up the body of the deceased and thereafter discarded it at a different place. The body was discovered that afternoon.
On appeal White raises eight issues going to the trial and his conviction and also raises the propriety of the death penalty.[1] Each of the eight points concerns claims of trial error. After reviewing the record, we find no merit in any of the points raised and do not feel that any warrant or require specific discussion. Viewed in the context in which they were made, the prosecutor's comments were proper and reasonable and did not trespass upon the defendant's rights to a fair trial. Spencer v. State, 133 So.2d 729 (Fla. 1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962). The judge's handling of the jury and the witnesses was proper, and there was no introduction of improper evidence. We have reviewed the evidence for its sufficiency and have searched the record for other error. We find the evidence sufficient to convict and can discern no reversible error.
The jury unanimously recommended the imposition of the death sentence. The trial judge found three aggravating factors and recited his reasons therefor.[2] No testimony was presented of any mitigating circumstances, statutory or nonstatutory, but the trial judge found the *721 mitigating circumstance of no previous felony convictions. We are satisfied that the trial judge weighed the aggravating circumstances against this and any other mitigating circumstances in pronouncing sentence. The findings of the trial judge are supported by the evidence, and his judgment should not be disturbed. In affirming the sentence we are fully aware that DiMarino escaped with a conviction of a third-degree murder. While this is fortunate for him, it does not require the reduction of White's sentence. White was the executioner, and his sentence is warranted.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] The first six issues deal with comments by the prosecutor in his closing argument: (1) Threats to the life of the key prosecution witness and his family; (2) alleged solicitation of a conviction because the codefendant had been convicted; (3) an alleged comment on the defendant's failure to testify; (4) the key prosecution witness' ability to pass or fail a polygraph test; (5) errors for citing passages from the Bible; (6) an alleged comment on the state's belief in the defendant's guilt. The last three issues concern the trial court's instructions to the key prosecution witness, alleged errors in the collective voir dire, and alleged error in the sentencing.
[2] The trial judge found that:

d) The murder of Gracie Mae Crawford was committed while the Defendant was engaged in the commission of a kidnapping. The evidence is clear that Gracie Mae Crawford was severely beaten to the extent of causing brain damage. Further, she was quite intoxicated. She was "helped" from the kitchen to the car by Richard DiMarino. She asked to be taken home. She was placed between DiMarino and White and against her will, forceably and secretly confined for the purpose of murdering her in a remote area. Circumstance "d" is applicable.
e) The murder of Gracie Mae Crawford was not committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody. Although it may be argued that the crime was committed for the purpose of avoiding or preventing a lawful arrest by hindering law enforcement officers from discovering the commission of an aggravated battery by Smith and his co-defendants and avoiding punishment and further that the murder was accomplished to eliminate the victim of their crime, the Court has taken the construction of this circumstance most favorable to the defendant and finds that these facts would be more appropriate under circumstance (g) below.
* * * * * *
g) The murder of Gracie Mae Crawford was committed to disrupt or hinder the enforcement of laws, i.e., to escape detection and punishment for the crime of aggravated battery. See circumstance (e) above. Circumstance "g" is applicable.
h) The murder was especially heinous, wicked, and cruel. The victim, beaten and intoxicated, was quite helpless and unable to defend herself from the Defendant's conscientious, willful, purposeful, and savage attack. The Defendant repeatedly struck the victim in the chest and face with a knife causing fourteen separate puncture wounds, at least three of which would have alone been fatal. To insure the death of his victim, the Defendant then sliced her throat. She died as a result of planned, methodical, cruel, wanton, malicious, atrocious, conscienceless, pitiless crime unnecessarily tortuous to the victim. Without further elaboration, circumstance "h" is applicable.