Justice Powell, Circuit Justice.
 

 William White has requested me as Circuit Justice to stay the judgment and mandate of the Supreme Court of Florida pending filing and disposition of his petition for a writ of certiorari. A state trial court convicted White of first-degree murder and sentenced him to death. The Florida Supreme Court upheld both the conviction and sentence. 415 So. 2d 719 (1982). It denied rehearing on July 8, 1982, and stayed the mandate until August 9, 1982, requiring White to seek any further stay from this Court.
 

 In his application for a stay, filed by counsel, White states that he intends to file a petition for a writ of certiorari because the judgment affirming his conviction and sentence is “in violation of [the] rights secured by the Constitution of the United States.” His application does not suggest any more specific basis for seeking the writ. The only reason ad
 
 *1138
 
 vanced by White for staying the mandate is that, absent a stay, administrative proceedings culminating in the execution of his sentence will be instituted on August 9. The State has responded, however, that the threat of execution is not imminent. No execution date has been set, and the State does not contemplate that one will be set in the near future.
 

 The standards for granting a stay of mandate pending disposition of a petition for certiorari are well established:
 

 “[Tjhere must be a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court’s decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed.”
 
 Times-Picayune Publishing Corp.
 
 v.
 
 Schulingkamp,
 
 419 U. S. 1301, 1305 (1974) (Powell, J., in chambers).
 

 See
 
 Karcher
 
 v.
 
 Daggett,
 
 455 U. S. 1303 (1982) (Brennan, J., in chambers);
 
 Whalen
 
 v.
 
 Roe,
 
 423 U. S. 1313, 1316 — 1317 (1975) (Marshall, J., in chambers). Although White’s application establishes that he may suffer irreparable harm at some point in the future, there is no indication that the harm is imminent. Additionally, White’s application does not specify either the issues for which certiorari will be sought or the reasons why review is appropriate. In the absence of such information, I am unable to determine whether there is a reasonable probability that four Members of the Court would find that this case merits review. Because there is no threat of imminent harm and no basis for determining whether certiorari would be granted, the request for a stay is denied.