461 U.S. 1301
 103 S.Ct. 1735
 75 L.Ed.2d 921
 John Louis EVANS, III
v.
ALABAMA.
 No. 82-6581 (A-848).
 April 21, 1983.
 
 Justice POWELL, Circuit Justice.
 
 
 1
 This is an application for a stay of execution set for April 22, 1983, pending the disposition of a petition for certiorari to the Alabama Supreme Court. The petition for certiorari was filed on April 19, 1983. This application was filed later the same day, following the Alabama Supreme Court's denial of applicant's motion for a stay of execution. On April 20 the State filed a response in opposition to the application for a stay, and applicant filed a reply to the State's opposition.
 
 
 2
 Applicant was tried and convicted on April 26, 1977, in the Mobile County, Ala., Circuit Court of first-degree murder committed during the commission of a robbery. The trial court sentenced him to death. Applicant's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals, 361 So.2d 654 (1977), and the Alabama Supreme Court, 361 So.2d 666 (per curiam ), rehearing denied, 361 So.2d 672 (1978) (per curiam ). This Court denied a petition for certiorari. 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).
 
 
 3
 In April 1979 applicant filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Alabama, challenging the constitutionality of both the conviction and the death sentence. The District Court rejected all of his contentions and denied the petition. Evans v. Birtton, 472 F.Supp. 707 (1979). The Court of Appeals for the Fifth Circuit reversed, finding that applicant's conviction was invalid. Evans v. Britton, 628 F.2d 400 (5 Cir., 1980) (per curiam ), modified on rehearing, 639 F.2d 221 (5 Cir., 1981) (per curiam ). This Court granted the State's petition for a writ of certiorari and, after briefing and argument, reversed the judgment of the Court of Appeals. Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).
 
 
 4
 This Court's judgment reinstated applicant's conviction, but his challenges to Alabama's capital-sentencing procedures remained to be decided by the Court of Appeals on remand. In July 1982, however, applicant dismissed his attorneys and filed a motion with the Court of Appeals seeking to dismiss his appeal. The court dismissed the appeal on October 19, 1982.
 
 
 5
 On October 22, 1982, the State of Alabama sought an order from the Alabama Supreme Court setting an execution date. Applicant then filed a motion requesting a new sentencing hearing. On February 18, 1983, the Supreme Court of Alabama denied this motion, and on April 8, 1983, the court ordered that applicant's execution be set for April 22, 1983.
 
 
 6
 Applicant's constitutional challenges to Alabama's capital-sentencing procedures have been reviewed exhaustively and repetitively by several courts in both the state and federal systems. I have reviewed the record and conclude that there is not "a reasonable probability that four members of the Court would find that this case merits review." White v. Florida, 458 U.S. ----, 103 S.Ct. 1, 73 L.Ed.2d 1385 (1982) (POWELL, J., in chambers). All of the papers relevant to applicant's request for a stay of execution also have been circulated to the entire Court. With the concurrence of six other Members of the Court, I deny the application for a stay.
 
 
 7
 Justice BRENNAN and Justice MARSHALL have indicated that they would vote to grant the stay.