# CURRY ET AL. v. BAKER, CHAIRMAN OF ALABAMA STATE DEMOCRATIC EXECUTIVE COMMITTEE, ET AL.

No. A–262.   Decided October 7, 1986

JUSTICE POWELL, Circuit Justice.

This is an application for a stay of the mandate of the Court of Appeals for the Eleventh Circuit pending the filing and disposition of a petition for certiorari.   The case involves the legal contest between two candidates for the Democratic gubernatorial nomination in Alabama.*   One of the applicants received a majority of the votes cast in a runoff election held on June 24, 1986.   A three-judge court found that the applicant had encouraged widespread violations of a state party rule against crossover voting in the runoff, a rule that apparently has the force of state law.   *Henderson* v. *Graddick*, 641 F. Supp. 1192 (MD Ala. 1986).   The State Democratic Executive Committee conducted an investiga-

---

*The applicants are one of the candidates and two persons who voted for him in the runoff.

tion, concluded that the applicant's opponent received a majority of the votes legally cast, and certified the applicant's opponent as the Democratic nominee. The issue, generally stated, is whether the actions of the State Democratic Executive Committee exceeded the bounds of due process. Following state-court litigation, the applicants filed this 42 U. S. C. § 1983 action in the District Court for the Northern District of Alabama. The District Court found a constitutional violation and ordered a new election. On appeal, the Court of Appeals for the Eleventh Circuit reversed. 802 F. 2d 1302 (1986). The court found no violation of federal law.

This Court rarely grants a stay of mandate pending disposition of the petition for certiorari unless three conditions are met. First, there must be a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari. Second, there must be a significant possibility that a majority of the Court will conclude that the decision below was erroneous. Finally, there must be a likelihood that irreparable harm will result if the decision below is not stayed. *White* v. *Florida*, 458 U. S. 1301, 1302 (1982) (POWELL, J., in chambers). This case presents unique facts closely tied to Alabama election law and rules. The applicants concede that this case is unlikely to recur. There is no conflict among the Circuits. It is no doubt true that, absent the runoff election ordered by the District Court, the applicant here will suffer irreparable injury. This fact alone is not sufficient to justify a stay in the unique circumstances of this case. Accordingly, the application is denied.