**George RAKOVICH, Plaintiff–Appellee,**

v.

**Gregory WADE, Darryl Drake, and Chester Kass, Defendants–Appellants.**

Nos. 85–1529, 85–1530.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 25, 1987.

Decided Nov. 25, 1987.

Ronald L. Piette, Piette, Knoll & Nelson, Milwaukee, Wis., for defendants-appellants.

Michael O. Bohren, Marolla & Bohren, Milwaukee, Wis., for plaintiff-appellee.

Before BAUER, Chief Judge, and CUMMINGS, HARLINGTON WOOD, JR., CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, and KANNE, Circuit Judges.

PER CURIAM.

Defendants-appellants ("appellants") seek to obtain for the second time a stay of proceedings to enforce a judgment for attorney's fees, pending adjudication of their appeal. We denied the first such motion for stay without prejudice and instructed appellants to file their motion in the district court pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. Appellants promptly moved for stay of judgment of attorney's fees in the district court. That court, however, denied the motion on the ground that it lacked jurisdiction to grant such relief while an appeal was pending. Appellants therefore have returned to this court to obtain their relief. Reluctant though we are to prolong the procedural delays attendant on this motion, we must again deny appellants' motion for stay and instruct that it be presented in the district court because that court properly has jurisdiction to rule on such motion in the first instance.

Although the filing of a notice of appeal from a trial court's judgment generally vests jurisdiction over the cause appealed

**674**

in the court of appeals, *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir.1972); 7 Moore's *Federal Practice* ¶ 60.30[2] (2d ed. 1985), it has long been recognized that the trial court reserves the power to make orders appropriate to preserve the *status quo* while the appeal is pending, *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538 (1922); *In re Federal Facilities Realty Trust*, 227 F.2d 651, 654 (7th Cir.1955); *United States v. El–O–Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir.1951).

█ In particular, Rule 62(d) of the Federal Rules of Civil Procedure reserves power in the district court to grant a stay of its judgment upon proper application. *In re Federal Facilities Realty Trust*, 227 F.2d at 654; *Clark v. Hogan*, 296 F.Supp. 407, 409 (S.D.N.Y.1969). Thus, a notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment. *Thomas v. Heckler*, 602 F.Supp. 925, 926 (M.D.Ala.1984); *Oliver v. Kalamazoo Board of Education*, 548 F.Supp. 646, 647 (W.D.Mich.1982).

Consistent with this principle, Rule 8(a) of the Federal Rules of Appellate Procedure requires that a motion for a stay pending appeal be presented initially in the district court. Despite this rule, both appellants and the court below have proceeded upon the belief that the court of appeals is the proper court in which to present such a motion.

In March 1985 appellants were found liable after a jury trial for violating the first amendment rights of plaintiff-appellee George Rakovich ("appellee"). The jury awarded appellee $50,000 in compensatory damages and $90,000 in punitive damages. In addition, appellee was awarded $41,285.25 in attorney's fees. On May 22, 1987 this court affirmed the district court's finding of liability, but remanded the case to the district court for a new trial on the issue of damages, 819 F.2d 1393. On June 5, 1987 appellants filed a petition for rehearing which, under Rule 41(a) of the Federal Rules of Appellate Procedure, has the effect of staying the mandate until the petition is disposed of.

Thus, on June 27, 1987, the date appellants filed their first motion for stay of the judgment of attorney's fees in this court, no mandate had been issued in the case and the appeal was still pending. Accordingly, we denied the motion for stay and ordered appellants to comply with procedures mandated by Rule 8(a) of the Federal Rules of Appellate Procedure by moving for stay in the district court.

On July 31, 1987 appellants moved for stay of the judgment in the United States District Court for the Eastern District of Wisconsin. On August 25, 1987, before the district court had rendered a decision on that motion, this court granted appellants' petition for rehearing *en banc* and vacated the panel opinion and judgment entered on May 22, 1987. The district court denied the motion for stay on September 14, 1987. In doing so, it suggested that this court's decision to grant the petition for rehearing *en banc* divested it of jurisdiction that it would otherwise have had, by virtue of our remand, to rule on the motion for stay.

█ This reasoning is understandable, but it misconstrues the nature of the district court's power to grant a stay of its judgment pending appeal. That power is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its mandate, notwithstanding this court's rehearing *en banc*. Although the district court lacks jurisdiction to vacate or alter its judgment pending appeal, absent a remand, *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir.1984); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984); *Deering Milliken v. FTC*, 647 F.2d 1124, 1128 (D.C.Cir.1978); *Miller v. United States*, 114 F.2d 267, 269 (7th Cir.1940); 7 Moore's *Federal Practice* ¶ 60.30[2] (2d ed. 1985), the district court retains the power throughout the pendency of the appeal to simply preserve the *status quo* by granting a stay of its judgment. *Newton*, 258 U.S. at 177, 42 S.Ct. at 267; *In re Federal Facilities Realty Trust*, 227 F.2d at 654. Thus, our decision to rehear the instant case *en banc* in no way affected the district

court's jurisdiction to rule on the appellants' motion for stay.

Rule 8(a) of the Federal Rules of Appellate Procedure does permit a motion for stay to be made in the court of appeals where application to the district court for such relief is not practicable, or where the district court has denied the application or has failed to afford the relief requested. Although the district court in this case did deny appellants' motion for stay, it did not do so on the merits, but rather based on the erroneous assumption that it did not have jurisdiction to rule on the motion. We believe that the motion for stay should be made once again in the district court in order to give that court an opportunity to properly exercise its jurisdiction over such motion.

Accordingly, the "Motion for a Stay of Proceedings to Execute or Enforce Judgment," filed in this court on September 25, 1987 is denied without prejudice.