523 So.2d 140 (1988)
William Melvin WHITE, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71184.
Supreme Court of Florida.
January 28, 1988.
Rehearing Denied April 13, 1988.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Craig S. Barnard, Chief Asst. Public Defender and Steven H. Malone, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
White files this habeas corpus action contending that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We have jurisdiction pursuant to article V, section 3(b)(9) of the state constitution and disagree.
White was convicted of first-degree murder. The jury unanimously recommended death which the trial judge imposed. We affirmed both the conviction and sentence. White v. State, 415 So.2d 719 (Fla.), cert. denied, 459 U.S. 1055, 103 S.Ct. 474, 74 L.Ed.2d 622 (1982).
White complains that the standard jury instructions in use at the time of his trial, and given in his case, restricted mitigating circumstances to those set forth in the sentencing statute. § 921.141(6), Fla. Stat. (1977). We rejected this argument numerous times prior to Hitchcock. E.g., Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983); Francois v. State, 423 So.2d 357 (Fla. 1982); Straight v. Wainwright, 422 So.2d 827 (Fla. 1982). Following Hitchcock we have looked at the totality of the circumstances to determine whether or not it was likely that the jury was so constrained. If so, we then consider whether there was evidence of nonstatutory mitigating circumstances of such a degree that it might have affected the jury's recommendation or the trial court's consideration. Delap v. Dugger, 513 So.2d 659 (Fla. 1987). If no mitigating evidence existed, we can clearly find the erroneous instruction to have been harmless.
White now asserts that three areas of nonstatutory mitigating evidence should have been presented and considered; (1) alleged residual doubt as to his guilt; (2) the complicity of his co-defendant, Richard DiMarino; and (3) White's use and consumption of alcohol. We have rejected the residual doubt theory as a nonstatutory mitigating circumstance. King v. State, 514 So.2d 354 (Fla. 1987). Even so in this case no legitimate argument can be made as to lingering doubt because it is absolutely *141 clear that White mercilessly killed the victim.
White's co-perpetrator, Richard DiMarino, was convicted of only third-degree murder. In White's original appeal we noted this fact and stated: "While this is fortunate for him [DiMarino], it does not require the reduction of White's sentence." 415 So.2d at 721. The two juries found different culpabilities. It is permissible to impose different sentences on capital co-defendants where their various degrees of participation and culpability are different from one another. Hoffman v. State, 474 So.2d 1178 (Fla. 1985). Incidentally, trial counsel argued the disparate treatment, and we fail to see how the absence of an instruction on nonstatutory mitigating circumstances could have affected the jury's handling of this issue. The same is true of White's use and consumption of alcohol. Although counsel argued this primarily in reference to one of the statutory mitigating circumstances, it is plain that the jury and the judge, and this Court on review, considered intoxication as a potential mitigating circumstance. On the totality of the circumstances of this case we can, and do, unhesitatingly find that the instant evidence of nonstatutory mitigating circumstances, if in fact not considered by the jury and/or the judge, would conclusively have had no effect upon the recommendation of the death sentence imposed in this case. The charge which may have limited the jury to a consideration of statutory mitigating circumstance was clearly harmless.
We therefore deny relief.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., concur in result only.