Robert Earl MISTER, on behalf of himself and all others similarly situated, Plaintiffs,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant.

Civ. No. 81–3006.

United States District Court, S.D. Illinois, Benton Division.

March 1, 1988.

Robert O'Neal & Jerome J. Schlichter, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for plaintiffs.

Kenneth L. Halvachs & Richard Nash, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter comes before the Court on defendant Illinois Central Gulf Railroad's Motion to Stay (Document No. 362), made pursuant to 28 U.S.C. § 2101(f) and Rule 62, F.R.Civ.Pro. For the reasons stated below, the Court concludes it is without jurisdiction to grant the requested relief.

### Discussion

The primary question the Court must consider is whether it has jurisdiction to stay execution and enforcement of a judgment rendered by our Court of Appeals. After the trial of the case by this Court, judgment was entered in favor of the ICG and against the plaintiff class. *Mister v. Ill. Cent. Gulf R.R. Co.*, 639 F.Supp. 1560 (S.D.Ill.1986). Upon appeal, the Seventh Circuit reversed the judgment of this Court and rendered judgment in favor of the plaintiffs, remanding the case for award of appropriate relief. *Mister v. Ill. Cent. Gulf R.R. Co.*, 832 F.2d 1427, 1433. (7th Cir.1987). Thus, the judgment sought to be reviewed by the ICG is that of the Court of Appeals, not this Court.

The relevant part of 28 U.S.C. § 2101(f) provides that "[i]n any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court." The statute additionally states that such stay "... may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court...." Here, the judgment the ICG seeks review of is that of the Seventh Circuit, therefore, it would appear that only a judge of that court could grant a stay within the meaning of the statute.

There is, however, a split of authority over whether a district court does have jurisdiction to grant a stay after the mandate has been returned, as in this instance. *See* 2 A.L.R.Fed. 657, 668–69. A diligent search has revealed no Seventh Circuit cases on point, however, the Court finds persuasive a relatively recent case from the Southern District of New York, holding that a district court does not have jurisdiction to stay a judgment rendered by the Court of Appeals.

In *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F.Supp. 78 (S.D.N.Y. 1983) the Court reached this conclusion, relying on *Magnum Import Co. v. Coty*, 262 U.S. 159, 43 S.Ct. 531 (1923). While *Novamont* apparently did not involve a remand for determination of damages, there, as here, the defendant sought a stay of further proceedings (entry of judgment) pending review by the Supreme Court. Here, the defendant seeks a stay of further proceedings (determination of damages) pending review by the Supreme Court of the Seventh Circuit's judgment. This Court, therefore, is being asked to refrain from following a lawful mandate of a higher court directing it to proceed.

As the *Novamont* court sagely observed:

This interpretation [that only a judge of the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of a judgment of the court of appeals] makes sense not simply because of the statutory language, but also in light of the standard for granting a stay. This involves a two-step process in which the court first determines whether a balance of equities and the risk of irreparable injury favor a stay. If so, then the court must determine whether it is likely that the Supreme Court would grant certiorari. [citations omitted.][1]

Relying on *Magnum*, supra, the *Novamont* court went on to conclude that the court of appeals was in a better position to determine whether certiorari would be granted and to balance the equities with the risk of irreparable injury. *Novamont*, 578 F.Supp. at 80. In so concluding, Judge Sweet wrote "This court ... is not in a proper position to perform these analyses particularly where, as here, the judgment sought to be reviewed modified this Court's initial determination. It is not an appropriate function for this Court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court." *Id.* Here the Circuit Court not only "modified" this Court's judgment, it in fact supplanted it with its own, and thus this Court agrees with Judge Sweet that it would be an inappropriate function for it to make that kind of decision in this situation. The Eighth Circuit reached a similar conclusion in *In re Stumes*, 681 F.2d 524 (8th Cir.1982). Absent direction to the contrary from our own Circuit Court of Appeals, the Court finds that it is without jurisdiction to grant the stay.

Accordingly, defendant's Motion to Stay is hereby, DENIED.

IT IS SO ORDERED.

---

**1.** The Court notes that the ICG has failed to even plead, much less attempt to show, the danger of irreparable injury or the likelihood that certiorari would be granted.