CEMENTOS GUADALAJARA, S.A., Cementos Portland Nacional, S.A., Cementos Veracruz, S.A., and Cementos Anahuac Del Golfo, S.A., Plaintiffs–Appellants,

v.

The UNITED STATES and Malcolm Baldridge, Secretary of Commerce, Defendants–Appellees.

CEMENTOS ANAHUAC DEL GOLFO, S.A., Plaintiff–Appellee,

Cementos De Chihuahua, S.A., Cementos Guadalajara, S.A. De C.V., Cementos Mexicanos, S.A. De C.V., Cementos Portland Nacional, S.A. De C.V. and Cementos Veracruz, S.A. De C.V., Plaintiffs,

v.

The UNITED STATES and William Verity, Secretary of Commerce, Defendants–Appellants,

Gifford Hill & Company, Inc. and Kaiser Cement Corporation, Defendants.

Nos. 88–1400, 88–1476, and 88–1502.

United States Court of Appeals, Federal Circuit.

July 13, 1989.

Joseph S. Kaplan, of Ross & Hardies, New York City, argued for plaintiffs-appellants and plaintiff-appellee. Of counsel was Andrew Jaxa–Debicki, of O'Connor & Hannan, Washington, D.C.

Velta A. Melnbrencis, of the Civil Div., Dept. of Justice, Washington, D.C., argued for defendants-appellees and defendants-appellants. With her on the brief were John R. Bolton, Asst. Atty. Gen., and David M. Cohen, Director. Of counsel were Robert H. Brumley, Deputy Gen. Counsel, Stephen J. Powell, Chief Counsel for Import Admin., and Craig L. Jackson, Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce.

Before RICH, NIES and NEWMAN, Circuit Judges.

PER CURIAM.

These appeals are from conflicting final judgments of the Court of International Trade in three actions brought by exporters of portland hydraulic cement and cement clinker from Mexico. In each of the three actions, the exporters challenged the authority of the United States to impose countervailing duties on Mexican cement entered during the later part of 1983 and in all of 1984. Although the actions were distinct (due to different dates of entry and different exporters), the exporters' arguments in each action were substantially identical.

In 88–1400, a group of Mexican exporters appeal the first decision of the Court of International Trade, *Cementos Guadalajara, S.A. v. United States,* 686 F.Supp. 335 (CIT 1988), in which Judge Carman awarded judgment to the United States, permitting the United States to impose countervailing duties on entries made during calendar year 1984.

In 88–1502, the United States appeals the second decision of the Court of International Trade, *Cementos Anahuac del Golfo, S.A. v. United States,* 687 F.Supp. 1558 (CIT 1988), in which Judge Aquilino, in response to substantially the same arguments the first group of exporters made to Judge Carman, awarded judgment to a second group of exporters and enjoined the United States from imposing countervailing duties on entries made between July 1, 1983, and December 31, 1983.

In 88–1476, a third group of Mexican exporters appeal the third decision of the Court of International Trade, *Cementos Anahuac del Golfo, S.A. v. United States,* 689 F.Supp. 1191 (CIT 1988), in which Judge Carman again awarded judgment to the United States, permitting the United States to impose countervailing duties on entries made during calendar year 1984.

Our jurisdiction is under 28 U.S.C. § 1295(a)(5) (1982). We *affirm* the judgment in number 88–1400 on the basis of Judge Carman's opinion, *Cementos Guadalajara, S.A. v. United States,* 686 F.Supp. 335 (CIT 1988), which we adopt. Similarly, we *affirm* the judgment in 88–1476 on the basis of Judge Carman's opinion, *Cementos Anahuac del Golfo, S.A. v. United States,* 689 F.Supp. 1191 (CIT 1988), which we adopt, except for the portions, not appealed, which discuss whether the methodology used by the United States to compute subsidies was correct and whether the United States was required to use a country-wide subsidy rate rather than a company-specific subsidy rate. 689 F.Supp. at 1214–16. We *reverse* the judgment in 88–1502 because it is based upon reasoning and analysis which conflicts with Judge Carman's opinions which we have adopted.

COSTS

Each party shall bear its own costs.

AFFIRMED AS TO 88–1400 and 88–1476.

REVERSED AS TO 88–1502.