CEMENTOS GUADALAJARA, S.A., Cementos Portland Nacional, S.A., and Cementos Veracruz, S.A., Plaintiffs,

Cementos Anahuac Del Golfo, S.A., Plaintiff–Intervenor,

v.

UNITED STATES, Defendant.

CEMENTOS ANAHUAC DEL GOLFO, S.A., Plaintiff,

v.

UNITED STATES, Defendant.

Court Nos. 86–12–01525, 86–12–01607.

United States Court of International Trade.

Nov. 22, 1989.

Ross & Hardies, Joseph S. Kaplan and Michelle F. Forte, New York City, for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ.Div., U.S. Dept. of Justice, Washington, D.C., Velta A. Melnbrencis, New York City, for defendant.

## MEMORANDUM AND ORDER

CARMAN, Judge:

Plaintiffs moved on November 14, 1989 pursuant to USCIT Rules 7 and 62(c) to extend the injunctions issued in these two cases by this Court on June 30, 1988, which stayed the liquidation of the subject entries of portland hydraulic cement and cement clinker from Mexico, pending appeal of the cases. Additionally, on November 14, 1989, plaintiffs moved pursuant to USCIT Rule 65(b), by orders to show cause returnable on November 16, 1989, for a hearing why orders should not be entered: (1) staying any proceedings or actions to enforce the judgments of this Court dated April 27, 1988 and June 9, 1988 pending disposition by the United States Supreme Court of these actions; and (2) enjoining defendant and its agents from liquidating any unliquidated entries which were the subject of these actions.[1]

Simultaneously plaintiffs applied for and obtained a temporary restraining order in each of the above-captioned cases staying any action to enforce the judgments of this Court dated April 27, 1988 and June 9, 1988, pending the outcome of plaintiffs' motions to extend the injunctions issued by this Court on June 30, 1988.

A hearing was held on November 16, 1989.[2] At the hearing it was clarified that

---

1. This Court issued a judgment on April 27, 1988, pursuant to its opinion bearing the same date, denying plaintiffs' motion for summary judgment and dismissing Court No. 86-12-01525. *Cementos Guadalajara, S.A. v. United States,* 686 F.Supp. 335 (1988). Plaintiffs filed their notice of appeal and the case was docketed on May 19, 1988.

On June 9, 1988 this Court issued an opinion and judgment denying plaintiff's motion for summary judgment and dismissing Court No. 86-12-01607. *Cementos Anahuac del Golfo, S.A.*

*v. United States,* 689 F.Supp. 1191 (1988). Shortly thereafter, plaintiff filed its notice of appeal, which was docketed on June 29, 1988, the day before this Court issued the injunctions staying liquidation pending the appeals.

Plaintiffs seek to stay the execution of the judgments in these two cases pending their petition for certiorari to the Supreme Court.

2. Plaintiffs have also moved for similar injunctive relief in a case before Judge Thomas J. Aquilino, *Cementos Anahuac del Golfo, S.A. et*

the temporary restraining orders were continued to November 25, 1989. Further briefing was requested.

At issue in these cases are two consent injunctions issued on June 30, 1988, in which this Court stayed liquidation in these cases pending their appeal. The injunction in Court No. 86-12-01525 prohibited defendant from liquidating any of the entries affected by the judgment of April 27, 1988 pending appeal. The order granting the injunction provided in part:

> ORDERED that the execution of any proceedings to enforce the judgment of this Court dated April 27, 1988 be stayed *pending the disposition of the appeal of this action....*

(Emphasis added). The injunction in the companion case, Court No. 86-12-01607, relating to this Court's judgment dated June 9, 1988, employed identical language. In each case the injunctions were sought and granted after notice of appeal had been filed with the Court of Appeals for the Federal Circuit but prior to the issuance of its mandate.

*al. v. United States,* Court No. 86-01-00082. Due to the similarity of the facts and issues in that case and the two cases that are the subject of this memorandum all three cases were heard by consent jointly before Judge Aquilino and me.

3. *Cementos Guadalajara, S.A. v. United States,* 879 F.2d 847 (Fed. Cir.1989). In that case, consolidating three related cases for appeal, the Court of Appeals upheld the opinions concerning the cases now before this Court (*Cementos Guadalajara, S.A. v. United States,* 686 F.Supp. 335 (1988) (Court No. 86-12-01525) and *Cementos Anahuac del Golfo, S.A. v. United States,* 689 F.Supp. 1191 (1988) (Court No. 86-12-01607)), and reversed *Cementos Anahuac del Golfo, S.A. v. United States,* 687 F.Supp. 1558 (1988) (Court No. 86-01-00082).

4. The parties stipulated to these procedural facts in open court at the hearing on this matter on November 16, 1989. Plaintiffs' counsel claims it did not receive notice of the denial of their suggestion for en banc review or notice of the issuance of the mandate until October 23, 1989, three days before the mandate issued.

5. Rule 8(a) of the Federal Rules of Appellate Procedure states:
> **Rule 8. Stay or Injunction Pending Appeal (a) Stay Must Ordinarily Be Sought in the First Instance in District Court; Motion for Stay in Court of Appeals.** Application for a

The Federal Circuit issued its opinion and judgment affirming the decisions of this Court on July 13, 1989.[3] On August 14, 1989 plaintiffs moved in the Court of Appeals for a rehearing and suggested en banc review. The petition for rehearing was denied on September 12, 1989 and decision was reserved on the suggestion for en banc review. On September 18, 1989 plaintiffs requested a stay of the issuance of the mandate of the Court of Appeals until seven days after the issuance of the decision on its suggestion for en banc review. The court granted this motion September 21, 1989. On October 19, 1989 the petition for a rehearing en banc was denied. The mandate issued from the Court of Appeals on October 26, 1989.[4] Counsel for the defendant informs this Court the Government is readying to liquidate all entries.

## DISCUSSION

Plaintiffs assert that these motions are governed by Rule 8(a) of the Federal Rules of Appellate Procedure[5] which provides that an application for a stay of judgment

> stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant. Reasonable notice of the motion shall be given to all parties. The motion shall be filed with the clerk and normally will be considered by a panel or division of the court, but in exceptional cases where such procedure would be impracticable due to the requirements of time, the application may be made to and considered by a single judge of the court.

or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made to the District Court in the first instance. Defendant contends that plaintiffs' applications to stay any further proceedings in these matters pending disposition of these actions by the Supreme Court of the United States should be denied because a stay of an appellate decision pending application to the Supreme Court for a writ of certiorari should be made to the Court of Appeals for the Federal Circuit, in accordance with Rule 41(b) of the Federal Rules of Appellate Procedure.[6] Defendant points out in the alternative that plaintiffs could have used the procedures outlined in Supreme Court Rule 44.[7]

There is no question that provisions exist enabling litigants to obtain a stay of a Court of Appeals determination which is subject to review by the Supreme Court on a writ of certiorari by seeking such relief from a judge of the Court of Appeals or a Justice of the Supreme Court. *See* Sup. Ct.R. 44; 28 U.S.C. § 2101(f); Fed.R. App.P. 41(b). The more difficult questions presented to this Court are 1) whether this Court, a trial court, has the power to grant an injunction staying execution of its judgment pending the disposition of a party's petition for certiorari, when the mandate has already issued from the Court of Appeals and the parties have not sought such relief before any appellate court; and 2) whether if this Court has jurisdiction, it should exercise that jurisdiction.

Defendant asserts, citing *In re Stumes*, 681 F.2d 524, 525, (8th Cir.1982), *Studiengesellschaft Kohle v. Novamont Corp.*, 578 F.Supp. 78, 79 (S.D.N.Y.1983), *Hovater v. Equifax Services, Inc.*, 669 F.Supp. 392, 393 (N.D.Ala.1987) and *Mister v. Illinois Central Gulf R.R. Co.*, 680 F.Supp. 297, 298 (S.D.Ill.1988), that this

---

6. Federal Rule of Appellate Procedure 41 states:

   (a) **Date of Issuance.** The mandate of the court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order. A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue. The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court. If the petition is denied, the mandate shall issue 7 days after entry of the order denying the petition unless the time is shortened or enlarged by order.

   (b) **Stay of Mandate Pending Application for Certiorari.** A stay of the mandate pending application to the Supreme Court for a writ of certiorari may be granted upon motion, reasonable notice of which shall be given to all parties. The stay shall not exceed 30 days unless the period is extended for cause shown. If during the period of the stay there is filed with the clerk of the court of appeals a notice from the clerk of the Supreme Court that the party who has obtained the stay has filed a petition for the writ in that court, the stay shall continue until final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for writ of certiorari the mandate shall issue immediately. A bond or other security may be required as a condition to the grant or continuance of a stay of the mandate.

7. Supreme Court Rule 44 states in pertinent part:

**Rule 44. Stays**

   **.1.** A stay may be granted by a Justice of this Court as permitted by law; and a writ of injunction may be granted by any Justice in a case where it might be granted by the Court.

   **.2.** Whenever a party desires a stay pending review in this Court, he may present for approval to a judge of the court whose decision is sought to be reviewed, or to such court when action by that court is required by law, or to a Justice of this Court, a motion to stay the enforcement of the judgment of which review is sought. . . .

   **.3.** A petitioner entitled thereto may present to a Justice of this Court an application to stay the enforcement of the judgment sought to be reviewed on certiorari. 28 U.S.C. § 2101(f).

   **.4.** An application for a stay or injunction to a Justice of this Court shall not be entertained, except in the most extraordinary circumstances, unless application for the relief sought first has been made to the appropriate court or courts below, or to a judge or judges thereof. Any application must identify the judgment sought to be reviewed and have appended thereto a copy of the order and opinion, if any, and a copy of the order, if any, of the court or judge below denying the relief sought, and must set forth with specificity the reasons why the granting of a stay or injunction is deemed justified. Any such application is governed by Rule 43.

   . . . .

*See also*, 28 U.S.C. § 2101(f) (1982).

Court lacks jurisdiction except to implement the mandate of the Court of Appeals.

Plaintiffs contend that an injunction staying execution of a judgment pending an appeal may be granted by a district court even after a mandate has issued from the court of appeals, provided that the stay is not inconsistent with the mandate and does not reach the merits of the judgment. Plaintiffs cite to cases construing a district court's inherent equity powers and the All Writs Act, 28 U.S.C. § 1651, as authority for this proposition. Plaintiffs assert that a federal court has the authority to issue such injunctions as may be necessary to protect its jurisdiction and its power to render a binding judgment.

Federal Rule of Appellate Procedure 8(a) clearly contemplates that a district court may entertain a motion to stay the execution of its judgment pending disposition in the court of appeals in the first instance. *See* footnote 5 *supra*. There is no question that this Court maintains the power to grant a stay of execution of *its* judgment pending disposition by the Court of Appeals *before* the mandate has issued. *Rakovich v. Wade*, 834 F.2d 673, 673–74 (7th Cir.1987) (and citations therein).

In *Rakovich* notice of appeal had been filed with the circuit court but a mandate had not issued. A party moved in the Court of Appeals for a stay pending the appeal. In remanding the case to the district court for a determination of the propriety of the stay, the Court observed, citing *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538 (1922), that a district court retains the power to maintain the status quo by granting a stay of its judgment pending appeal. *Id.*

In *Newton*, the Supreme Court observed: The amendatory decree ... was obtained long after appeals from the ... decree had been granted and when the court had very limited power over the litigation. "One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the Court below to proceed further in the cause." Undoubtedly, after appeal the trial court may, if the purposes of justice require, preserve the status quo until decision by the Appellate Court. 258 U.S. at 177, 42 S.Ct. at 267, (citation omitted).

Certainly, it is well established that an inferior court has no power or authority to deviate from the mandate of the appellate court. *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). However, as Justice Rehnquist observed as Circuit Justice in *Hawaii Housing Authority v. Midkiff*, 463 U.S. 1323, 1324, 104 S.Ct. 7, 8, 77 L.Ed.2d 1426 (1983) (citing *Newton* with approval):

Whatever the current application of the so-called jurisdictional shift theory to modern appellate procedure, *it is well settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pending of an appeal even to this Court.*

(Citations omitted, emphasis added).

There is no doubt that liquidation of the entries in this case, pursuant to this Court's judgment as affirmed, would affect the status quo pending plaintiffs' petition for certiorari. Liquidation of the entries prior to the determination by the Supreme Court of the petition for certiorari would cause irreparable injury to the plaintiffs and deprive them of the relief they are seeking even if the Supreme Court were to rule in their favor. *Cf. Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir.1983).

■ This Court holds that while it can be argued that the Court is empowered to grant the relief requested to maintain the status quo, if such power exists, these are not the circumstances under which this Court should exercise that power.

In a case where the court of appeals has issued its opinion but not its mandate, Federal Rule of Appellate Procedure 41(b) clearly provides parties the opportunity to petition the court of appeals for a stay of the issuance of its mandate pending appli-

cation for certiorari. *See* footnote 6 *supra.* In addition, Supreme Court Rule 44.2. provides that "[w]henever a party desires a stay pending review in this Court, he may present for approval to a judge of the court whose decision is sought to be reviewed, or to such court when action by that court is required by law, or to a Justice of this Court, a motion to stay the enforcement of the judgment of which review is sought." However, such relief can rarely be obtained unless the application for the stay "first has been made to the appropriate court or courts below, or to a judge or judges thereof." Sup.Ct.R. 44.4.

■ The import of these rules is that even where a district court arguably has the power to grant an injunction staying execution of a judgment pending a petition for certiorari, absent extraordinary circumstances, the court of appeals is the appropriate forum to hear the application.[8]

As Justice Rehnquist has stated in his capacity as Circuit Justice, "the threshold barrier confronting all stay applications [is whether there is] reasonable likelihood that the petition for certiorari will be granted." *Houchins v. KQED, Inc.,* 429 U.S. 1341, 1345, 97 S.Ct. 773, 775, 50 L.Ed.2d 733 (1977); *see also Brennan v. United States Postal Service,* 439 U.S. 1345, 1346, 99 S.Ct. 22, 23, 58 L.Ed.2d 51 (Marshall, Circuit Justice 1978) (there must be a showing of a balance of hardships in favor of the party requesting the stay). In *Barefoot v. Estelle,* 463 U.S. 880, 895, 103 S.Ct. 3383, 3396, 77 L.Ed.2d 1090 (1983) the Supreme Court stated:

It is well established that there "must be a reasonable probability that four Members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court's decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed." *Id.* (quoting *White v. Florida,* 458 U.S. 1301, 1302, 103 S.Ct. 1, 1, 73 L.Ed.2d 1385 (1982)).

Since it is the decision of the Federal Circuit that will be contested in the petition for certiorari, that court is in the best position to address the merits of plaintiffs' stay application. *See Magnum Import Co. v. Coty,* 262 U.S. 159, 163, 43 S.Ct. 531, 532, 67 L.Ed. 922 (1923). This Court was not privy to the arguments of the parties concerning the appeal itself, the motion for rehearing or the suggestion for rehearing en banc. Furthermore, at no place in their briefs or during oral argument did plaintiffs apprise this Court of the basis contemplated for their certiorari petition. Consequently, this Court is bereft of any basis upon which to address these considerations.

Additionally, any hardship the decision of this Court bestows upon the plaintiffs in this case results from plaintiffs' own acts.[9] While before the Federal Circuit plaintiffs availed themselves of Fed.R.App.P. 41(a) to obtain a stay of the issuance of the mandate pending their applications for a rehearing or en banc review. It would have been appropriate at that time to seek relief in the form of a stay pending review on certiorari under Fed.R.App.P. 41(b). Plaintiffs have advanced no reasons to this Court why they could not have petitioned the Federal Circuit for the stay. Even after the Appeals Court decision and the issuance of the mandate, plaintiffs still had the opportunity to petition for recall of the mandate upon a showing of good cause. *See e.g., Johnson v. Bechtel Assocs. Professional Corp.,* 801 F.2d 412, 416 (D.C.Cir. 1986) (and citation therein at notes 19 and

**8.** Even courts that have found a lack of jurisdiction to grant the stay have recognized the propriety of petitioning the appeals courts in the first instance where practicable. *See e.g., Studiengesellschaft Kohle v. Novamont Corp.,* 578 F.Supp. at 80; *Mister v. Illinois Central Gulf R.R. Co.,* 680 F.Supp. at 299.

**9.** Apparently the mandate would have issued on August 3, 1989, 21 days after the issuance of the opinion of the Court of Appeals, but for plaintiffs' various applications to the court. *See* Fed. R.App.P. 41(a). As it was, the mandate issued on October 26, 1989, 105 days after the issuance of the court's decision in the case, affording counsel ample opportunity to consult with their clients.

20). Additionally, after the issuance of this memorandum and order, it would appear that plaintiffs are not precluded from obtaining relief in superior courts.

## CONCLUSION

On the basis of the foregoing, this Court denies plaintiffs' applications for extension of the injunctions. Accordingly, the temporary restraining orders as extended are vacated.