[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 13, 1991, the plaintiff, Prudential Home Mortgage Company, Inc., filed an amended complaint alleging an action for foreclosure against the following defendants: Hans G. Reichardt; Doreen L. Reichardt; PSI Capital Corporation; Colonial Supply, Inc.; Gerrity Co., Inc., General Motors Acceptance Corporation; and Brookfield Associated Sand Gravel, Inc.; On October 6, 1992, the plaintiff filed an amended complaint that adds the defendant, Dominic R. Cassella Associates, Inc.
On September 16, 1991, Judge Shiff of the Bankruptcy court granted the plaintiff's motion for relief from stay during Hans and Doreen Reichardt's bankruptcy proceedings. On November 16, 1991, the court, Parker, J., denied without prejudice the pro se defendants Hans and Doreen Reichardt's motion to dismiss the action. The Reichardts claimed that the a action should have been stayed while they were undergoing bankruptcy.
On November 30, 1992, the court, Sylvester, J., entered a judgment of strict foreclosure of the property located in the town of Prospect and set the law day for January 28, 1993.
On December 17, 1992, Hans and Doreen Reichardt appealed the trial court's refusal to dismiss the action on the ground that the action proceeded in violation of the automatic stay imposed by U.S. Chapter 11, § 362. On June 29, 1993, the appellate court affirmed the trial court's judgment of strict foreclosure.
On July 19, 1993, Hans and Doreen Reichardt filed a CT Page 6490 petition for certification by the Connecticut Supreme Court. Certification was denied on September 15, 1993.
On September 28, 1993, Hans and Doreen Reichardt removed this action to the United States District Court for the District of Connecticut. The case was assigned to Judge Alan H. Nevas. On January 18, 1994, the plaintiff filed a notice with the superior court that the United States District Court for the District of Connecticut remanded the case back to the state court.
On January 25, 1994, the plaintiff filed a motion to reset the law days.
On January 27, 1994, Hans and Doreen Reichardt appealed the decision of the United States District Court for the District of Connecticut to remand the case to the state court to the United States Court of Appeals, Second Circuit.
The plaintiff filed a memorandum of law dated February 10, 1994, in support of its motion to reset law days. The plaintiff argues that there is no automatic stay for filing an appeal in the Second Circuit.
An automatic ten-day stay is imposed when a party appeals the judgment of the district court. Federal Rule of Civil Procedure 62(a); United States v. $2,490.00 in U.S. Currency,825 F.2d 1419, 1420-21 (9th Cir. 1987). After the ten days have expired, the court has the discretion to stay the proceedings. Federal Rule of Civil Procedure 62(b). In addition, the appellant may obtain a stay by giving a supersedeas bond. Federal Rule of Civil Procedure 62(d).
Federal Rule of Appellate Procedure 8(a) provides that an application for a stay pending appeal or approval of a supersedeas bond must be brought in the district court. See alsoRakovich v. Wade, 834 F.2d 673, 674 (7th Cir. 1987). After the district court has denied the motion for stay, the movant may request a stay from the court of appeals. FRAP, Rule 8(a). Where the appellee has failed to post a supersedeas bond or otherwise stay the judgment, the lower court may enforce the judgment. See United States v. $2,490.00 in U.S. Currency, supra 825 F.2d 1421; Printing and Paper Trades Auxiliary Workersv. Cuneo Eastern Press, Inc., 72 F.R.D. 588, 590 (E.D.Pa. 1976), aff'd. 549 F.2d 796 (3d Cir. 1977). CT Page 6491
In the present case, there is no indication that the district court or the court of appeals ordered a stay of proceedings. In addition, there is no indication that a supersedeas bond has been posted. Accordingly, the foreclosure action has not been stayed, and this court may enforce the judgment of foreclosure by setting law days.
Therefore, and in accordance with the foregoing, argument with regard to setting law days will be heard Monday, June 27, 1994, at 9:30 a.m., on the civil Short Calendar, Waterbury Superior Court.